*Bennington, February 1831.*

*Patchin vs. Doolittle et al.*

———————⟨⟩———————

## Samuel Angel vs. Town of Pownal.

*Bennington, February, 1831.*

The select men of a town cannot, without a vote of the town for that purpose, discharge the interest of a witness so as to render him competent.

Neither can that be done by an agent, appointed to defend the suit, by virtue of his general powers as agent.

This was an action brought against the town of *Pownal*, for the neglect of Jason Bushnell, constable of said town, in not serving or returning an execution. On the trial in the county court, the

BENNINGTON,
February,
1831.

Angel
vs.
Pownal.

defendants offered Bushnell as a witness, who was objected to by the plaintiff on the ground of interest, he being ultimately liable to indemnify the town for his neglects. The select men of the town then gave him a discharge, and the court admitted him, to prove that the plaintiff had staid the execution. A judgement having been rendered for the defendants, the plaintiff filed exceptions on which the cause was removed to this Court, and the only question was, whether Bushnell was properly admitted as a witness.

After argument,

Hutchinson, C. J., *pronounced the opinion of the Court.*—— There seems no doubt but that the receipt in question would be sufficient to discharge the interest of the witness, if the select men had authority to execute such a release. But this would be the bartering away a sure cause of action against the constable and his bail, for an indemnity, for the chance of getting rid of the present suit. This is not among the prudential affairs of a town, to which the statute refers. If they could discharge the liability of their constable and his sureties, without receiving the amount, they might do the same of any debt due the town. The monies are to be paid to the town treasurer, not to the select men, generally speaking. When a receipt for money is executed by any town officer, it is evidence of payment to him, and nothing more. One, who would receive such a receipt without actual payment, should expect it would be treated as a fraud upon the town. When a writing is executed by the select men, not purporting to be a receipt for the full sum due, but purporting, for some valuable consideration, to discharge a debt, it is not binding, unless their power to execute such a discharge, can be found in some statute, or some vote of the town. The town might authorize such a measure by a vote at some meeting legally warned for that purpose. They might authorize their select men or their agent to give such a discharge ; or they might, perhaps, pass a vote so expressed as to be itself a discharge of the interest of the constable and his bail.

The case of *John Moar* vs. the *Town* of *Pownal,* submitted with this of *Angel,* is like it in all respects, except that the agent, appointed by the town to defend the suit, joined with the select men in executing the discharge. This does not help the discharge. It has never been considered, that the attorney of re-

-cord in the suit could discharge the interest of a witness. This

agent has no more power than an attorney regularly appointed. His power to employ an attorney and procure witnesses to attend court, has no connection with the business of discharging debts due to the town. All agencies must be confined within their proper object.

Hence it has been decided in Massachusetts, that an attorney of record, to prosecute a suit, cannot discharge an execution so as to bind his client, unless he actually receives his pay, and receives it in money.

In each of these cases, the judgement of the county court is reversed, and a new trial is granted.

*Kellogg & Spencer,* for plaintiff.

*H. Hall,* for defendants.