# COFFIN *v.* KNOTT.

A general demurrer can only prevail against substantial defects. Under such a demurrer no advantage can be taken of merely formal defects.

In an action of replevin, the defendants pleaded in substance, that the plaintiff had previously brought an action of trespass, in which he declared for the same property, against the same parties in which they pleaded a release executed by the plaintiff to one of the defendants; that to the plea of release there was a demurrer, which was overruled and judgment rendered against the defendants; held that such a plea is good in substance, and that a general demurrer to it should be overruled.

A former action of trespass for taking goods, may be pleaded in bar to an action of replevin for the same goods between the same parties; and it makes no difference whether the judgment in the trespass suit was rendered upon a demurrer or a verdict.

An admission by way of demurrer to a plea, in which the facts are alleged, is just as available as though the admission had been made *ore tenus* before a jury.

## *Error to Dubuque District Court.*

*Opinion by* Greene, J. Replevin by John M. Knott against Albert Coffin for two mares and colts. Several pleas were filed by defendant, to which the plaintiff demurred, and the demurrer was sustained. It is now claimed, that the court erred in sustaining the demurrer to the sixth plea. By this plea it appears, that the defendant purchased the mares and colts of James Burr *et al.*, June 1, 1849; that said James Burr *et al.*, took said property from the possession of the plaintiff, Sept. 1, 1848; that afterwards at the May term of the Clinton county district court, said plaintiff impleaded said Burr and others, in "an action of trespass for taking the identical same goods and chattels mentioned in the plaintiff's declaration;" that in May, 1849, the said Burr *et al.*, pleaded a plea of release of said action of trespass; that the plaintiff demurred to the plea, and the demurrer was overruled by the court, and judgment was thereupon rendered in favor of said Burr *et al.*, as defendants in the suit; that said judgment remains in full force and effect. The plea concludes with

Coffin *v.* Knott.

a prayer for judgment, and that the plaintiff be estopped from maintaining his action against the defendant.

The only question we are called upon to decide in this case is, did the court err in sustaining the demurrer to this plea? The demurrer is general, and hence can only prevail against substantial defects. Without regard to form, we are only to inquire, is the plea good in substance? For under a general demurrer no advantage can be taken of imperfections merely formal. Gould's Pl. 466, 468, §§ 15, 19; Stephen Pl. 140; *Ryan* v. *Watson*, 2 Greenl. 382; *Patchin* v. *Doolittle*, 3 Vt. 461.

The question arises, are the substantial facts in the plea such as can be borne down by a general demurrer. The facts set forth are, that the plaintiff in this replevin suit, had previously brought an action of trespass, in which he declared for the same property, against the same parties; that the defendants pleaded a release executed by the plaintiff to one of the defendants in bar of the action; and that to the plea of release there was a demurrer, which was overruled, and judgment rendered on the plea for the defendants. But it is contended, that the judgment in trespass cannot be pleaded in bar of this replevin suit. Had the plaintiff recovered in the action of trespass, it is clear that he would have been entitled to the value of the horses, which he alleged were taken and converted by the defendants. It is equally clear, that a verdict for the defendants upon an issue involving the right to the property, would vest it in them. Under the plea, it might have been shown, that the right to the property was necessarily involved in the action of trespass. Indeed the plea avers in substance that the matter involved in the trespass suit, and the parties thereto, were the same as in the replevin suit. Under the demurrer these averments are admitted to be true, and they sufficiently show that both suits were for the same cause of action.

It is not necessary, that both actions should be in the same form, in order to have the former action operate as a bar to the record. It is only necessary, that they should

affect the same parties, and involve the same matter, or determine the same cause of action. Suits will be regarded in this light, when the the same evidence will support both actions. If in this case, the former action was instituted to recover for the property, as well as for the trespass upon it, as might have been shown under the plea, then it follows, that the same evidence would be admissible to support both actions. This view is supported in *Rice* v. *King*, 7 John. 20. In this case, it was held that a former judgment in trespass for taking goods, will bar a subsequent action of assumpsit for the same cause. See also *Johnson* v. *Smith*, 8 John. 383, *Phillips* v. *Berick*, 16 *ib*. 136. So in *Gardner* v. *Buckbee*, 3 Cow. 120, it was held, that this rule prevails, whether the same matter be pleaded, or given in evidence under the general issue; and and that the former judgment is conclusive whether it appear upon the face of the record of the former suit, that the same matter was tried and passed upon or not.

It is objected by defendant's counsel, that judgment in the trespass suit, as it appears by the plea, was rendered upon a demurrer, and not upon a verdict. Still the principle and effect of the judgment is the same. The same facts were involved and decided by the demurrer, that could have been decided if the case had been submitted to a jury. It can make no difference whether the facts were proved by the release and witnesses, or were admitted by the pleadings. It is decided in *Bouchand* v. *Dias*, 3 Denio, that an admission by way of demurrer to a plea, in which the facts are alleged, must be just as available, as though the admission had been made *ore tenus* before a jury.

In Gould's Pl. 477, § 43, the principle is laid down that a judgment rendered upon demurrer, is as conclusive of the facts confessed by demurrer, as a verdict finding the same facts would have been. We are not advised that this principle has ever been questioned by any respectable author. It is obvious, that the facts in a case may be equally as well established by a demurrer, as they can be

by a verdict; and as in either case, they become matter of record, they should never be again contested between the same parties.

The judgment for the trespass suit, as described in the sixth plea, must be regarded as conclusive upon all matters which might have been litigated in that action. If Knott had recovered, he would have secured the value of the horses.

We think then, that the facts stated in the sixth plea, should be regarded as a good bar to the action, and that the court erred in sustaining the demurrer to that plea.

Judgment reversed.

*P. Smith*, for plaintiff in error.

*L. Clark*, for defendant.