COOPER & LAVELY, Plaintiffs in Error, *vs.* RICHARD REANEY, Defendant in Error.

ERROR TO THE DISTRICT COURT OF NICOLLET COUNTY.

In all cases where an action is upon a foreign contract, and nothing is made to appear to the Court that the *lex loci contractus* differs from the *lex fori*, the Court will presume it the same and administer the law of the forum. And upon an account for goods sold, &c., in the State of Pennsylvania, the Court will presume that the laws of that State allow interest as damages for the detention of the money, the same as our own, in the absence of any averment as to the rate of interest in that State.

An account for goods sold and delivered on a day certain, carries with it the right to recover damages, which are measured by the legal rate of interest; and this right attaches to the claim at the moment of the default in payment.

Points and authorities of Plaintiffs in Error :

*First.*—Interest is recoverable and should be allowed on an

account for goods sold and delivered after the same has become payable according to agreement. *Moore vs. Patten*, 2 *Porter*, 451; *Dodge vs. Perkins*, 9 *Pick.* 112; *State Bank vs. Clarke*, 4 *Pike*, 210; *Waning vs. Henry*, 30 *Alabama*, 721; *Shields vs. Henry*, 31 *A lab ma*, 53.

*Second.*—Interest is always allowed by way of damages, on all claims for money due after demand made, and refusal to pay. The complaint in this case alleges demand and refusal, and claims interest from date. The complaint can, therefore, be bad for uncertainty only, if at all. And the defect, if such exists, cannot be taken advantage of by demurrer, but by motion to make more certain. *Van Gansen vs. Van Houton*, 2 *South.* 822.

*Third.*—The amount in controversy exceeds one hundred dollars, it is ninety-three dollars and five cents, and interest on that sum from May 15, A. D. 1856. The interest to be allowed under such an allegation would be seven per cent. per annum. the legal rate where the action is brought. And so the amount claimed at the time of the commencement of the action was $104 10, which was the amount in controversy. *Public Statutes, page* 408, *Sec.* 3; *Henry vs. Tilson*, 17 *Ver.* 479; *Clarke vs. Cameron*, 4 *Isabell*, 161; *Sherman vs. Clarke*, 3 *McLean*, 91; *Wills vs. Couchman*, 4 *J. J. Marsh*, 242; *Stevens vs. Pearson*, 5 *Ver.* 503.

*Fourth.*—All the allegations of the complaint stand admitted, that is to say, there is no good denial of any one of them. The judgment of the District Court should, therefore, be reversed, and judgment ordered for Plaintiff for amount claimed in their complaint.

*Fifth.*—An appearance and pleading is a waiver of an objection for want of jurisdiction. *Elkins vs. Sams, Hayw*, 44; *Smith vs. Elder*, 3 *Johnson*, 105.

*Sixth.*—It is error to allow costs when a cause is dismissed for want of jurisdictian. *McIver vs. Wattles*, 9 *Wheaton*, 650.

Points and authorities of Defendant in Error:

The court below was right in dismissing the suit, because,—

*First.*—It appears from the complaint that the amount to which the Appellant is entitled to recover against the Re-

spondent is less than one hundred dollars, consequently the court below had no jurisdiction. *State Constitution, Article 6, Section 5.*

*Second.*—The amount upon which the action is founded was unliquidated, and interest could not be claimed until after demand made. 2 *Wen.* 501; *Tucker vs. Nas,* 6 *Cow.* 193; *McKnight vs. Dunlap,* 4 *Barb.* 36.

*Third.*—The complaint alleges no agreement for payment of interest, and no time at which demand was made.

SANBORN & LUND, Counsel for Plaintiff in Error.

GEO. MAGRUDER and WM. SPRIGG HALL, Counsel for Defendant in Error.

*By the Court.*—FLANDRAU, J.   This action was brought to recover for certain goods, wares and merchandize, of the value of $93 05, sold and delivered by Plaintiffs to the Defendant at Pittsburgh, in the State of Pennsylvania, on or about the 15th day of May, 1856, and the demand is for judgment for that amount and interest from the time of the sale and delivery. An answer was put in that raised no material issue.   When the action was brought on for trial, the Defendant moved to dismiss it, because the complaint did not disclose a claim for a sum exceeding one hundred dollars, claiming that, as the demand arose in a foreign jurisdiction, it was incumbent upon the Plaintiff to aver that the demand would draw interest under the laws of that State, and also the rate of interest fixed by such laws, in order that the court could determine from the face of the complaint whether the interest under such foreign regulation, would carry the demand above one hundred dollars.   The court sustained the motion and dismissed the complaint.

The questions presented are, *first,* upon what theory do courts decide rights growing out of contracts made in foreign jurisdictions ? and, *second,* is interest by the way of damages for the breach of the contract, recoverable as a matter of right, in cases like the present ?

In all cases where the action is upon a foreign contract, and

nothing is made to appear to the court that the *lex loci contractus* differs from the *lex fori*, the court will presume it is the same, and administer the law of the forum ; or in other words, the presumption always is in matters of this kind, that the laws of other States and countries are the same as our own until the contrary is made to appear. In the case of *Leavenworth vs. Brockway*, 2 *Hill*, 201, the action was brought in the State of New York against the Defendant as endorser of a promissory note, payable at the Franklin Bank in Columbus, Ohio. On the trial, the Plaintiff gave in evidence all the regular steps which were necessary to charge the Defendant as endorser according to the laws of New York. The Defendant insisted that no recovery could be had without proving the law of Ohio, and showing a compliance with that. The Plaintiff in that case also claimed to recover interest from the time the note fell due at six per cent., to which the Defendant interposed the same objection that was made in the case at bar, to wit, that the Plaintiff must prove that the note would draw interest by the laws of Ohio, and the rate of interest in that State. The objections were overruled. When the case came into the Supreme Court on review, the court say : " We think the case was rightfully disposed of by the Curcuit Judge. The *onus probandi* was upon the Defendant to show the law of Ohio to be different from that of this State, if he wished any advantage from it. In the absence of such proof, the court, in cases like the present, should act according to its own laws."

In *Forsyth vs. Baxter*, 2 *Scammon Ill. Rep. page* 9, the same point is directly decided. It was there held that " where a note is made in another State, interest will be allowed according to their laws, where there is no averment of the laws of the foreign State, or that interest is there recoverable." See also some pertinent comments upon the same subject by Chancellor Walworth, in 1 *Paige Ch: R. at foot of page* 226.

The same doctrine was held in South Carolina. The Plaintiff brought an action to recover back money won from him in Georgia at the game of faro, The Defendants insisted that no recovery could be had until the Plaintiff proved that it was unlawful to win money at faro in Georgia. The court said :

"It is true the legality or illegality of any transaction must depend on the law of the place where it transpires, but it is incumbent upon those who would avail themselves of it to show what that law is. In this State, playing at faro is unlawful and punished by fine, and if we are obliged to determine that question in utter ignorance of what the law of Georgia is, we must resolve it by our own rule, for the obvious reason that we have no other." *Allen vs. Watson,* 2 *Hill, South Carolina Rep.* 319, 322.

It has been held the same way in England as to the law of Scotland. In *Brown vs. Gracy,* 16 *Eng. Com. Law Rep.* 426, *Note b.,* the promissory note sued upon was made in and governed by the law of Scotland. The Defendant objected that no recovery could be had until proof was given that by the law of Scotland he was liable. But Abbott, Chief Justice, held the contrary, and laid down the broad rule that if the law of Scotland differed from the law of England as to the liability of the Defendant, it lay upon the Defendant to show it. And all the other Judges were of the same opinion. Authorities could be multiplied to the same effect, but we deem the principle as too obviously sound, and firmly settled, to need further support.

The complaint shows a sale and delivery of goods of a certain value, on a certain day. This alone creates an obligation to pay for them, and if the purchaser fails to do so, he is guilty of a breach of contract. The amount is liquidated, and there is no question of mutual accounts. The sum is a fixed and liquidated one due and payable on the delivery of the goods. We think it is now well settled, that demands of this nature carry with them the right to recover interest by way of damages, or more correctly speaking, damages which are measured by the legal rate of interest; and this rate of damages attaches to the claim at the moment of the default in payment by the Defendant. Every sense of justice is favorable to it, and we think the decided cases fully sustain the rule. Where it is a money contract, the damages are always recoverable at this rate as a matter of right, and we see no reason why the rule should differ in a case like the one at bar. The Defendant owed the Plaintiffs the sum of $93 05 on the delivery of the

goods, exactly as he would have done had the Plaintiffs loaned him that amount of money, or advanced it for his use ; they have been deprived of the use of their money in the one case as much as in the other, and the rule of damages is the same.

It is true the Plaintiffs claim it as interest in their complaint, and not as damages. There is no such thing as interest except it is agreed upon by parties, or given by Statute, *Mason & Craig vs. Callendar, Flint & Co.*, 2 *Minn. R.* 350; yet the term is used synonymously with the word damages when speaking of the amount recoverable on the breach of such contracts, and cannot be supposed to have been misunderstood in this case. It was indeed unnecessary to plead it at all, it being a money contract, damages are implied. *Talcott vs. Marston*, 3 *Minn.* 339. There can be very little doubt that the complaint sets forth a good cause of action for a claim exceeding one hundred dollars, and that the court erred in dismissing the action. As the answer seems to have no merits, but aims merely at delay, we will reverse the judgment, and order that the Plaintiffs have judgment in this court for the sum claimed in the complaint.