Gay *v.* City of Gardiner.

---

WILLIAM R. GAY *versus* CITY OF GARDINER.
WILLIAM H. BYRAM & *als. versus* SAME.

If interest upon their verdict can be allowed at all by a jury summoned to assess damages sustained by a land owner by the location of a town way, it can be allowed only from the time when the land was taken and not from the time of location.

When the official return of the person appointed to preside at the view and hearing of such a jury has been made and filed in the Supreme Judicial Court, it must be regarded as conclusive, and no motion for an amendment thereof will be entertained.

Gay *v.* City of Gardiner.

ON EXCEPTIONS.

Verdicts of a jury summoned to assess damages sustained by the plaintiffs, by the location of a town way in the city of Gardiner. The proceedings were under R. S., c. 18, § 12, as amended by c. 39* of the Public Laws of 1866.

Numerous objections were urged by the respondents against the verdicts, but the presiding Judge overruled the several points taken, and confirmed the verdicts, and the respondents alleged exceptions.

The remaining facts are sufficiently stated in the opinion.

*J. Baker,* for the respondents.

*A. Libbey,* for the plaintiffs.

WALTON, J. — The counsel for respondents requested the person presiding to instruct the jury that they were not to allow interest on the damages they might assess.

"On this point," says Mr. Baker, "I instructed the jury, that they were to assess the damages to the petitioners, as they found them to have been at the time of the location, and to add interest thereto, unless they found by the evidence that the petitioners had, by any act of their own, such as refusing a legal and sufficient tender, forfeited their right to interest."

---

* PUBLIC LAWS OF 1866, c. 39. — SECTION 1. In all cases where application has been made to the county commissioners for a jury to assess damages, as provided in c. 18 of the R. S., they shall appoint a person well versed in law to preside at the view and hearing; and if, from any cause, he does not attend at the time and place appointed therefor, the officer who summoned the jury shall adjourn the view and hearing till such person does attend, or another is appointed and attends in his place; and the person so presiding, in addition to the duties prescribed in section twelve of said chapter, shall make a certified report of the evidence introduced before him and return the same to the Court.

If such an instruction was actually given it was erroneous, and the respondents are entitled to a new trial. If interest could be allowed at all, it would only be allowed from the time when the land was *taken*, and not from the time of the *location*. Till then the owners would have no right to demand payment of their damages, and the respondents would not be in fault for not paying them. In the absence of any express promise or agreement to pay interest, the law does not make a party liable for interest till he is in fault for not paying the principal. R. S., c. 18, § 7.

But it is contended that no such instruction was in fact given, — that the official return of the person who presided at the trial is in this respect erroneous, and that it is competent for the Court to allow him to amend his return.

The person presiding at such a trial is "to decide all questions of law arising on the trial which would be proper for the decision of a Judge, to instruct the jury upon any question of law when requested by either party, and to certify to the Court with the verdict the substance of any decision or instruction by him given, when any party shall request it." R. S., c. 18, § 12.

When such official returns have been made and filed in court we think they must be regarded as conclusive. To hold otherwise, and ertertain motions for their amendment would be attended with too many inconveniences to be admitted in practice. The proposed amendment of the return cannot therefore be allowed.

This conclusion makes it unnecessary to consider the other objections made to the acceptance of the verdicts.

*Exceptions sustained.* — *Verdicts set aside.*

Appleton, C. J., Kent, Dickerson and Barrows, JJ., concurred.

