## N. B. EVANS v. THE STATE.

To a suit on the official bond of an assessor and collector, instituted for his failure to collect and account for taxes, it is no defense that the taxes were actually collected by his deputy; and it is incompetent for him to file a cross claim against his deputy in that suit, and ask judgment for the same. He has his right of action against his deputy, but has no right to enforce it in an action brought against himself on his official bond; and the defendant is liable for interest from the time the taxes were payable, and not from the succeeding 1st of January, as upon an open account.

APPEAL from Karnes.    Tried below before the Hon. Daniel D. Claiborne.

There is no occasion for a statement of the facts.

*L. S. Lawhon,* for appellant.

*Wm. Alexander, Attorney-General,* for the State.

WALKER, J.   This case was before the court at a former term, and is reported in 32 Texas, p. 200 *et seq.*   We need not here recapitulate the facts.  If Evans, the plaintiff in error, has been defrauded by S. J. Davis, his deputy, he has his right of action against Davis and his securities; but he has no right to compel the State, in an action on his official bond, to litigate any issues which may arise between him and his deputy.

The assignments for error demand but little notice.

This is not an action upon an open account; it is an action upon the official bond of an assessor and collector, and the amount which the State is entitled to recover as damages is the amount which was found due on the 1st day of August, 1866, the day upon which the taxes should have been paid.   There is, then, no error in the calculation of interest.

The judgment of the District Court is affirmed.

Affirmed.