100 U.S. 119
 100 U.S. 119
 25 L.Ed. 571
 UNITED STATES
v.
CURTIS.
CURTIS
v.
UNITED STATES.
 October Term, 1879
 
 ERROR to the Circuit Court of the United States for the District of Massachusetts.
 This was an action of debt, brought by the United States on a joint and several bond in the penal sum of $20,000, executed May 30, 1862, by Oliver Holman and his sureties, James O. Curtis and Joshua T. Foster, conditioned that said Holman, a paymaster in the army, should faithfully discharge his duties as such; that he should regularly account, when thereunto required, for all moneys received by him, and 'refund at any time when thereunto required any public moneys remaining in his hands unaccounted for.' The only breach assigned in the declaration is that he did not refund when thereunto required the sum of $3,320.02, with interest.
 Holman, although named in the writ, was not living when it was sued out. Curtis and Foster were duly served, and by counsel entered their appearance.
 It appears from an agreed statement of facts that Holman went out of office Sept. 30, 1865, and on that day rendered a final account, showing nothing due to the United States or to himself. One credit in that account is for '$2,658 stolen, as per report to paymaster-general, Aug. 7, 1865.'
 On a final adjustment of the account made March 18, 1872, after the death of Holman, the second auditor found that there was due to the United States $3,320.02. No part of this amount has been paid. It does not appear that any demand therefor was made of Holman's personal representatives, and the sureties had notice of the existence of the claim only by the service of the writ. To enable them to petition for relief in the Court of Claims under the act of May 9, 1866 (14 Stat. 44), the cause was continued from term to term. That court, finding that Holman was not without fault or neglect, dismissed a petition, wherein they prayed for a decree declaring that the amount of the funds stolen should be entered as a credit in the settlement of the account. The sureties then made default, but appeared at the hearing on the assessment of damages, when the agreed statement was filed. The court thereupon entered judgment in favor of the United States for the said sum of $3,320.02, with interest thereon at the rate of six per cent per annum from Oct. 15, 1872.
 Each party removed the case here; the United States assigning for error that interest should have been computed from Nov. 30, 1865, and the defendants, that the court erred in awarding against them any sum other than one merely nominal as damages.
 Mr. Assistant Attorney-General Smith for the United States.
 1. It was the duty of Holman when he went out of office, Nov. 30, 1865, to pay to the United States the moneys then due and in his hands. He and his sureties were bound to know the law in that regard, and such knowledge is equivalent to a demand. He had no right to credit himself with the amount of funds stolen from him (United States v. Prescott, 3 How. 578; Muzzy v. Shattuck, 1 Den. (N. Y.) 233; State v. Harper, 6 Ohio St. 607; State v. Township, 28 Ind. 86; Hancock v. Hayward, 12 Cush. (Mass.) 112; Commonwealth v. Comly, 3 Pa. St. 374; Halbert v. State, 22 Ind. 125); and the accounting officers had no authority to allow such a credit. Farmington v. Stanley, 60 Me. 472; Porter v. Stanley, 47 id. 515; Angel v. Pownal, 3 Vt. 461; Horn v. Whittier, 6 N. H. 94; Carlton v. Bath, 22 id. 559.
 2. For not paying over the moneys at that date, he and his sureties are liable. The contract of the latter is not distinguishable from his. He engaged to do certain things, and for not doing them was liable. The sureties engaged that he should do them; and for his not doing them they became liable. The same default or neglect that charges him must charge them. Seaver v. Young, 16 Vt. 662; United States v. Cushman, 2 Sumn. 436; Berg v. Radcliff, 6 Johns. (N. Y.) Ch. 302; Shaw v. McFarlane, 1 Ired. (N. C.) L. 216; Hobbs v. Middleton, 1 J. J. Marsh. (Ky.) 176.
 3. Interest runs from that date. Dodge v. Perkins, 9 Pick. (Mass.) 368; Wood v. Robbins, 11 Mass. 506; Gay v. Gardiner, 54 Me. 477; Buzzell v. Snell, 25 N. H. 474; National Lancers v. Lovering, 30 id. 511; Whiteworth v. Hart, 22 Ala. 343; Williams v. Sherman, 7 Wend. (N. Y.) 109, 112; Still v. Hunt, 20 id. 51; Van Rensselaer v. Jewett, 2 N. Y. 139, 140; Adams v. Fort Plain Bank, 36 id. 261; Stacy v. Graham, 14 id. 492; Lynch v. De Viar, 3 Johns. (N. Y.) 303, 310; Clark v. Barlow 4 id. 183; Honore v. Murray, 3 Dana (Ky.), 31; Elkin v. Moore, 6 B. Mon. (Ky.) 462; Sims v. Gondelock, 7 Rich. (S. C.) 23; Kennedy v. Barnwell, id. 124; Barr v. Hazelton, 10 Rich. (S. C.) Eq. 61, 62; Palmer v. North, 35 Barb. (N. Y.) 282, 294; Vermont & Canada Railroad Co. v. Vermont Central Railroad Co. et als., 34 Vt. 1; Stevenson v. Maxwell, 2 Sandf. (N. Y.) Ch. 273; Bassett v. Sanborn, 9 Cush. (Mass.) 68; Cooper v. Rainey, 4 Minn. 532; Leake v. Lawrence, 11 Paige (N. Y.), 80; Evans v. State, 36 Tex. 323.
 4. The United States has the right of every creditor whose moneys are wrongfully withheld. When it becomes party to a contract, its relation to the other contracting parties is the same as that subsisting between individuals. United States v. Barker, 12 Wheat. 559; United States Bank v. Planters' Bank, 9 id. 904; United States v. Ames, 1 Wood. & M. 76; United States v. Bank of Metropolis, 15 Pet. 377; The Floyd Acceptances, 7 Wall. 666; United States v. Union Pacific Railroad Co., 98 U. S. 569.
 Mr. Thomas H. Talbot, contra.
 1. The writ did not make the requisite demand upon Holman or his personal representatives. It ran against neither, and there was, in the absence of a demand, no breach of the bond.
 For the purpose of ascertaining the sum due in equity and good conscience, the failure of the defendants to plead does not waive proof as to a demand, for no defect or admission in the previous pleadings can deprive either party of the right to an equitable adjustment of all claims secured by the bond. Merrill v. MacIntire, 13 Gray (Mass.), 157; Attleborough v. Hatch, 97 Mass. 533. If, then, that failure will serve to justify any judgment for the United States, it must be merely for nominal damages.
 2. If this court should hold that upon the facts disclosed by the record the sureties are liable for the principal sum, it is submitted that interest thereon should not be awarded. The liability of the sureties must be kept within the strict limits of the terms of the contract, and cannot be enlarged by implication. Bank of Brighton v. Smith, 12 Allen (Mass.), 243. And it did not arise if, when required, Holman should refund public moneys remaining in his hands unaccounted for. No such requirement was made Nov. 30, 1865, from which date the government contends that interest should be computed.
 They had also bound themselves that he should, for all moneys officially received by him, 'regularly account.' This he did at the close of his service, and the account which he then rendered showed nothing due from or to the government, and no moneys in his hands unaccounted for.
 His next duty was to refund, when required, any moneys which a revision of his accounts should show to be in his hands 'unaccounted for.' That is, he was to respond to a demand for any balance found due from him upon the adjustment of his account at the treasury. Until this adjustment,—and none was made before his death,—no public moneys remained in his hands 'unaccounted for,' and no demand was thereafter made of his representatives.
 If, however, the service of the writ is a demand upon the sureties, interest prior thereto should not be allowed.
 MR. JUSTICE MILLER, after stating the facts, delivered the opinion of the court.
 
 
 1
 To the error assigned by the defendants it is sufficient to say that, having been served with the writ, and appeared by counsel, and having thereafter suffered a voluntary default, that default was a confession of indebtedness on account of the breach of the bond assigned; namely, the failure of Holman, their principal, to pay over the moneys in his hands when thereunto required, and of such demand as imposed upon his sureties the obligation to pay. There remained only the question of the amount due from him on account of moneys in his hands, and of this the auditor's statement of account was evidence which was uncontradicted. There is, therefore, no error of which they can complain.
 
 
 2
 The United States, however, asserted a right to interest on the amount found due by the auditor from the date at which Holman ceased to be paymaster, namely, Nov. 30, 1865.
 
 
 3
 Without attempting to decide any other case but this, we are of opinion that the breach of the bond on which the defendants were sued did not occur until Holman, his legal representatives, or his sureties, were required to refund moneys in his hands; that is, until some notice was given that a definite sum in his hands had by the proper accounting officer been found to be due to the United States. Of course, until there was a breach of the condition of the bond, which rendered him or his sureties liable, there could be no right to interest on account of such breach.
 
 
 4
 The agreed statement shows that no such statement was made or rendered to Holman in his lifetime, or any demand to refund. Nor does it appear that any such statement was rendered to his executors, or a demand made of them or of the sureties, except by the service of the writ.
 
 
 5
 We are, therefore, of opinion that the earliest moment at which any one became liable on account of the breach of the condition of the bond now sued on was the service of the writ on the defendants, and that such service was a sufficient demand. The court properly allowed interest on that basis.
 
 
 6
 Judgment affirmed.