NATIONAL GERMAN AMERICAN BANK, Plaintiff and Appellant, *v.* GREGOR LANG, Defendant and Respondent.

**Action on Note — Principal and Agent — Foreign Laws — Pleading — Evidence.**

1. Where a litigant desires to take advantage of the laws of another state it is incumbent upon him to show by proper averments what such laws are, and wherein they differ from those of this state. If he fails to do so it is error to admit testimony at the trial as to what the foreign law is. In the absence of allegation and proof to the contrary, the courts will presume that the foreign law is the same as that of the forum.

2. The defendant for value made and delivered to plaintiff an obligation in the following form: "$1,200. 11th, March, 1889. Ninety days after date I promise to pay to the National German-American Bank, St. Paul, at the bank, St. Paul, the sum of twelve hundred dollars, value received. On acct of the ranch. GREGOR LANG." At the trial plaintiff put this paper in evidence, together with evidence showing the amount of interest which had accrued after the paper matured, figured at 7 per cent., and rested the case. Upon defendant's motion the district court nonsuited the plaintiff, and directed a verdict for the defendant. *Held* error. The instrument contains all the essentials of a promissory note; and, while the phrase, viz., "on account of the ranch," is superfluous, it does not relieve the defendant of his personal liability to pay the note, nor purport to do so.

3. Defendant's answer stated in substance that, while the defendant personally made and delivered the note and received the money therefor from plaintiff, the money so received was to be used for the

benefit of one P., whose agent the defendant was; that the plaintiff was informed when the note was made that the money was to be used in defraying the expense of operating a ranch belonging to P., and that P. himself assented to the giving of the note. *Held*, that the answer failed to state any defense. The answer does not state that P. at any time orally agreed to pay the note, but, if such agreement had been made, it would be inadmissible in evidence to vary and contradict the express terms of the written agreement.

4. *Held, further*, where an agent contracts in behalf of his principal he must do so in the name of the principal. If the agent contracts in his own name, he alone is bound.

(Opinion Filed July 13, 1891.)

*A*PPEAL from district court, Stark county; Hon. W. H. WINCHESTER, Judge.

*James G. Campbell* and *John B. & W. H. Sanborn* for appellant. *Leslie Simpson* for respondent.

Action on promissory note. Judgment for defendant. Reversed and judgment ordered for plaintiff as asked for in its complaint.

The opinion of the court was delivered by

WALLIN, J. This action is upon a promissory note, of which the following is a copy: "Neimmela Ranch, Mingusville, Montana, 11th March, 1889. $1,200.00. Ninety days after date I promise to pay to the National German-American Bank, St. Paul, at the bank, St. Paul, the sum of twelve hundred dollars, value received, on act. of the ranch. GREGOR LANG." The complaint charges that the defendant executed this note and delivered it to the plaintiff, and that it is unpaid. The answer admits the execution and delivery of the note and its non-payment. As a defense the answer alleged that the defendant was, when he made the note, acting as the general agent of one Sir John Pender, and the defendant executed and delivered the note in his capacity of agent of said Pender, and not in his individual capacity; that the money which was raised by the defendant from the bank for the note was used solely for the use and benefit of Pender, to meet the expenses of running his (Pender's) ranch, of which defendant was the manager; that

plaintiff accepted the note and advanced the money with full knowledge of all the facts above stated. The answer further avers that the note was given with the consent and approval of Pender, and that the plaintiff accepted the paper and advanced the money, knowing that Pender consented and approved of making the note as it was made. The action was tried by a jury. The plaintiff put in evidence the note described in the complaint. A witness in plaintiff's behalf testified that he had computed the interest on the note at 7 per cent. per annum from its maturity until the date of the trial, and that such interest amounted to the sum of $68.59. The witness further testified in substance that he had computed the interest at 7 per cent. after the note fell due, because the legal rate in North Dakota is 7 per cent. upon overdue claims. On cross-examination, and against the plaintiff's objection, the witness was required to testify concerning the laws of the state of Minnesota regulating interest, where the note was made payable. Plaintiff objected to all cross-examination and testimony concerning the rate of interest in the state of Minnesota, upon the ground that the law governing the case was the law of the place of trial; that the presumption of law is that the law of another state is the same as that of the forum. Counsel for defendant then conceded that the legal rate of interest in Minnesota is 7 per cent. The plaintiff rested the case upon said testimony, whereupon the defendant moved the trial court that the plaintiff be non-suited on the following grounds: *First*, that there is no competent evidence showing the amount claimed by the plaintiff to be due on the alleged note; *second*, as appears from the note itself, or certain words in the note, there is an ambiguity in its terms which has not been explained; *third*, there is no evidence in this case that the obligation claimed to have been signed by the defendant imports an obligation on his part to pay the amount specified at all events. The court sustained the motion of defendant and directed the jury to return a verdict for the defendant, to which rulings plaintiff, by its counsel, duly excepted. A statement of the case was settled, which embodied the above rulings, and upon which plaintiff moved for a new trial. The motion being denied, and judgment being entered

for defendant, the plaintiff appeals from the same and from the order denying its application for a new trial. The rulings upon the motion for a nonsuit and to direct a verdict are assigned as error in this court.

Counsel for defendant has not argued the case orally, or filed a brief in this court, and the only ground or reasons upon which the trial court proceeded to direct a verdict in defendant's favor are those suggested by the language used by counsel in stating his motion to direct a verdict as above stated. We are entirely clear that the direction to the jury was error, and that the grounds upon which defendant asked for such direction are fundamentally unsound. We remark first that it was error to allow the defendant's counsel, against objection, to cross-examine plaintiff's witness concerning the laws of Minnesota regulating the rate of interest there. The witness simply testified in chief to the fact that he had computed interest on the note since its maturity, and that the amount at 7 per cent. was a certain sum, and had said nothing concerning the laws of the state of Minnesota. There were no issues in the pleadings which could render such evidence material. Where a suitor desires to take advantage of the laws of another jurisdiction it is incumbent upon him to allege and show what the laws are in such other jurisdiction, and set forth wherein they differ from the law of the forum. There were no such averments in defendant's answer, and hence all evidence touching the subject-matter was irrelevant and immaterial. In the absence of such allegations, the courts will presume that the law of the place where the contract was made or was to be performed is identical with the law of the forum. 2 Pars. Bills & N. p. 371; Cooper v. Reaney, 4 Minn. 528 (Gil. 413); Leavenworth v. Brockway, 2 Hill, 201; Forsyth v. Baxter, 2 Scam. 9; Brimhall v. Van Campen, 8 Minn. 13 (Gil. 1.) Courts of one state do not take judicial notice of the laws of another state. Pars. Bills & N. p. 334; Whidden v. Seelye, 40 Me. 247; Hoyt v. McNeil, 13 Minn. 390 (Gil. 362); Legg v. Legg, 8 Mass. 99; Holmes v. Broughton, 10 Wend. 75. But in this case the interest after the maturity of the note was computed by the witness, and the amount stated figured at the rate of 7 per cent. per annum. This was

proper under the laws of this state, and to clinch the matter counsel for defendant admitted in open court that the legal rate of interest in the state of Minnesota was 7 per cent. The two rates were shown to be identical, and we might add that no testimony was necessary to show the proper rate on an overdue claim. In the absence of contract the law fixes the rate at 7 per cent. on such claims. But, aside from all questions connected with the interest it is obvious that the principal sum named in the note was past due, and hence the plaintiff could not be properly nonsuited on account of failure to show—if he had failed—how much was due him on account of the interest. This view of the record leads us to conclude that the learned trial court directed a verdict for the defendant wholly upon the theory that the note described in the complaint is void upon its face, or, at least, that it does not on its face import a legal obligation resting upon the defendant. The plaintiff put the note in evidence, and showed by a witness who had made the computation of interest that a certain sum was due as interest. If the note evidenced a legal debt due from defendant to plaintiff, this evidence made out a *prima facie* case for plaintiff. Even this was unnecessary, for the reason that the answer admits that the defendant received the money, and exeucted and delivered the note to plaintiff, and that the same was unpaid. The answer is fully responsive to all the material allegations of the complaint, and amounts to a plea of confession. Upon the answer the defendant was legally entitled to have judgment entered in his favor on the pleadings, unless, in addition to the plea of confession, the answer sets out facts showing an avoidance of the cause of action stated in the complaint, and this it fails to do, as will hereafter appear.

An examination of the instrument sued upon discloses that it contains all the essentials of a promissory note. It is a clear, plain, unambiguous agreement in writing to pay a specified sum in money at a time stated unconditionally. It is true, the note embraces the phrase, "On account of the ranch." While these words are superfluous, they do not import or indicate that the defendant is not personally bound by the obligation. They do not embody a condition of any sort; nor are they ambiguous at

all.  ·They simply suggest the idea that the debt is created and · the money received on account of a ranch, but nothing on the face of the paper implies that the ranch does not belong to the · defendant, who signed the note and received the money.   The implication, if any, would be that the ranch did belong to the · man who promised to pay the note.   It follows that when plaintiff rested its case a *prima facie* case was established both on · the admissions in the answer and · the proof.   It was manifest· error, therefore, to nonsuit the plaintiff and direct the jury to return a verdict for defendant.   If the defense set out by the answer had been valid, it was error to direct a verdict in favor ' · of the defendant, as was done, before any evidence was offered ' in support of the defense pleaded.   For this error the judgment of the court below must be reversed.   But, in view of the cir-· cumstances as disclosed by the record we conceive it to be our · duty to make a final disposition of the case without directing a · new trial.   It would be worse than idle, it would be grossly un-· just, to permit a re-trial upon the merits, if the defendant, upon his own showing, has no legal defense to the cause of action stated in the complaint.   We are entirely clear that the answer states no defense as against the defendant's personal liability to pay the note.   The answer nowhere avers that defendant's principal ever agreed, expressly or by implication, to pay the obligation upon which plaintiff loaned its funds.   How, then, can the court declare that the defendant's principal shall pay an obligation which he never promised to discharge?   But if there had been an express agreement entered into by parol at the time the note was made and delivered, whereby it was agreed between all the parties that the defendant should not be bound, and that the principal, Sir John Pender, should be bound, such an agreement, if pleaded, would constitute no ground of defense to the action.   The bank advanced its funds to the defendant, and took his personal and written obligation therefor.   The transaction was evidenced by a writing, and to permit such supposed agreement to be proven by parol would be to vary, contradict and annul the written agreement by a parol contemporary arrangement.   This the law will not tolerate.   Comp. Laws, § 3545; Thompson v. McKee, 5 Dak. 176, 37 N. W. Rep.

367; Cowel v. Anderson, 33 Minn. 374; 23 N. W. Rep. 542; Harrison v. Morrison, 39 Minn. 319, 40 N. W. Rep. 66; Eighmie v. Taylor, 98 N. Y. 288; Dickson v. Harris, 60 Iowa 727, 13 N. W. Rep. 335; Allen v. Furbish, 4 Gray 504. Where an agent contracts in behalf of his principal the contract must be in the name of the principal, and not in his own name. If the agent contracts in his own name he alone is liable. Comp. Laws, § 3984; Mechem, Ag. §§ 432-438; Sencerbox v. McGrade, 6 Minn. 484 (Gil. 334); Heffner v. Brownell, 70 Iowa 591, 31 N. W. Rep. 947; also 75 Iowa 341, 39 N. W. Rep. 640; Deering v. Thom, 29 Minn. 120, 12 N. W. Rep. 350; Mayhew v. Prince, 11 Mass. 54; Spencer v. Field, 10 Wend. 87. In view of the well established principles of law underlying this case and laid down in the authorities cited, it is entirely clear that the answer does not set out any defense to plaintiff's cause of action. The judgment must be reversed, and the district court directed to enter judgment as demanded in the complaint. It will be so ordered. All concur.

CORLISS, C. J., in concurring, expresses no opinion on the point that the laws of the jurisdiction where a contract is made or to be performed are, in the absence of proof to the contrary, presumed to be the same as the laws of the forum so far as statute law is concerned.