(86 N. W. Rep. 357.)

---

FIRST NATIONAL BANK OF LANGDON *vs.* THOMAS H. PRIOR, *et al.*

Opinion filed May 22, 1901.

**Parole Agreement by Mortgagee.**

> A prior or contemporaneous oral agreement, made by a mortgagee or his agent, that upon payment of two notes the mortgage would be released, is not admissible in evidence when the mortgage provided absolutely that it should be security for four notes.

**Authority of Agent to Compromise.**

> A general agent, having charge of a bank's collections, has no authority to compromise or settle claims for a less sum than due, by virtue of such general agency to collect alone.

**Payments.**

> Certain findings of the trial court reviewed, and *held* not sustained by the evidence.

Appeal from District Court, Cavalier County; *Sauter, J.*

Action by the First National Bank of Langdon against Thomas H. Prior and Emma Prior. Judgment for plaintiff, and defendants appeal.

Modified.

*J. C. Monnett,* for appellants.

The true consideration for an instrument may always be shown by parol testimony, notwithstanding there is a consideration expressed in the instrument itself. *Bank* v. *Snyder,* 44 N. W. Rep. 357; *Boller* v. *Sacks,* 33 N. W. Rep. 862; *Kickland* v. *Wooden Ware Co.,* 31 N. W. Rep. 471; *Cutler* v. *Steele,* 53 N. W. Rep. 521; *Dicken* v. *Morgan,* 7 N. W. Rep. 145; *Keefe* v. *Briggs,* 20 N. W. Rep. 91; *Fraley* v. *Bentley,* 1 Dak. 25, 46 N. W. Rep. 506; *Perkins* v. *McAuliffe,* 81 N. W. Rep. 645; *Landgan* v. *Iverson,* 80 N. W. Rep. 1051; *Hayes* v. *Peck,* 8 N. E. Rep. 234; *Tucker* v. *Tucker,* 13 N. E. Rep. 710; *Chapin* v. *Dobson,* 78 N. Y. 80; *Walker* v. *Haggerty,* 46 N. W. Rep. 221; *Palmer* v. *Roath,* 49 N. W. Rep. 590. It is always competent to show by parol that the obligation of an instrument has been discharged by a parol agreement collateral thereto. *Crossman* v. *Fuller,* 17 Pick. 171; *Julliard* v. *Chaffee,* 92 N. Y. 531; *Harrington* v. *Samples,* 30 N. W. Rep. 671; *Gould* v. *Elgin,* 26 N. E. Rep. 497; *Collins* v. *Stanfield,* 38 N. E. Rep. 1091; *Kane* v. *Cortesy,* 2 N. E. Rep. 874; *Singer Mfg. Co.* v.

*Forsythe,* 9 N. E. Rep. 372; *Rockeman* v. *Improvement Co.,* 44 N. E. Rep. 990; *Becker* v. *Knudson,* 56 N. W. Rep. 192; *Fleischman* v. *Ver Does,* 82 N. W. Rep. 757; *Berdman* v. *Goodell,* 9 N. W. Rep. 900. The settlement of a controversy always constitutes a good consideration. *Canham* v. *Mfg. Co.,* 3 N. D. 229, 55 N. W. Rep. 582; § 4336, Rev. Codes; *Lindley* v. *Lupton,* 76 N. W. Rep. 1037; *Mason* v. *Beach,* 55 Wis. 607. One who receives and retains the beneficial results of a contract made in his behalf by another cannot deny the authority of the person making it, and is deemed to consent to all the obligations arising from such contract. *Lull* v. *Anamosa Bank,* 81 N. W. Rep. 784; § § 3865, 4339, Rev. Codes; *Union Nat. Life Ins. Co.* v. *Kirchoff,* 27 N. E. Rep. 90; *Hawkins* v. *Bank,* 49 N. E. Rep. 957; *Thomas* v. *Bank,* 58 N. W. Rep. 943; *Phillips* v. *Bank,* 35 N. E. Rep. 982; *Hartley State Bank* v. *McCorkell,* 60 N. W. Rep. 197; *Anderson* v. *Johnson,* 77 N. W. Rep. 26; *State School F. Co.* v. *School Dist.,* 77 N. W. Rep. 62; *Meehan* v. *Forester,* 58 N. Y. 278; *Johnson* v. *Investment Co.,* 68 N. W. Rep. 383; *Hughes* v. *Ins. Co.,* 59 N. W. Rep. 112; *Gardner* v. *Warren,* 17 N. W. Rep. 583. The fact that a contract made by a national bank is ultra vires as contrary to the national banking act, cannot be set up as a defense to an action arising out of such contract. *Merchants Nat. Bank* v. *Hanson,* 21 N. W. Rep. 849; *Bank* v. *Mathews,* 98 U. S. 621; *Voltz* v. *Nat. Bank,* 42 N. E. Rep. 69; *Kelly* v. *Newbury Port,* 6 N. E. Rep. 745; *Prescott* v. *Butler,* 32 N. E. Rep. 909. A party who makes a contract through an agent takes the contract subject to all the instrumentalities employed by the agent in its consummation, and to all the conditions attached to it. § 3865, Rev. Codes, *Wyckoff* v. *Johnson,* 48 N. W. Rep. 837; *Bank* v. *Bank,* 80 N. W. Rep. 48; *State Bank* v. *Kelly,* 80 N. W. Rep. 520; *People's State Bank* v. *Francis,* 8 N. D. 369, 79 N. W. Rep. 853; *Railway Co.* v. *Schuyler,* 34 N. Y. 30; *First Nat. Bank* v. *Redpath,* 81 N. W. Rep. 623; *Fairchild* v. *McMahon,* 34 N. E. Rep. 779; *Union Trust Co.* v. *Phillips,* 63 N. W. Rep. 903. If a deed not properly acknowledged, and therefore not entitled to record, is in fact recorded, such record is not admissible in evidence. *Ann Arbor Sav. Bank* v. *Ellison,* 71 N. W. Rep. 873; *Wambole* v. *Foot,* 2 Dak. 1; *Saginaw* v. *Tennant,* 68 N. W. Rep. 1118; § 3269, Comp. Laws. In selling the chattel mortgaged property the requirements of the statute were not complied with and the foreclosure amounted to a conversion by the mortgagee. *Best Brewing Co.* v. *Pillsbury,* 5 Dak. 62, 37 N. W. Rep. 763; *North Dakota Elev. Co.* v. *Clark,* 3 N. D. 26, 53 N. W. Rep. 175. The mortgagor is not estopped from disputing the foreclosure and taking advantage of irregularities in the sale by reason of his having bid at such sale. *Kidder* v. *Aaron,* 72 N. W. Rep. 893; *Canning* v. *Harland,* 15 N. W. Rep. 492; *Weaver* v. *Peasely,* 45 N. E. Rep. 119; *Holcomb* v. *Boynton,* 37 N. E. Rep. 1031; *Irrigation Co.* v. *Lashmet,* 81 N. W. Rep. 617; *Cloud* v. *Malvin,* 75 N. W. Rep. 645; *Spencer Co.* v. *Papack,* 70 N. W. Rep. 748; *Scroggin* v. *Johnson,*

64 N. W. Rep. 236; *Eshenberry v. Edwards,* 24 N. W. Rep. 570; *School Twp.* v. *State,* 49 N. E. Rep. 961

*J. M. Bartholomew,* for respondent.

To the extent of defeating the legal operation of the instrument according to the purpose therein designated parol evidence of an additional or different consideration is not admissible in this case. The bold claim is made that a part of the consideration for a mortgage, that on its face recites that it is given to secure four promissory notes, was the parol agreement of the mortgagee that it should stand as security for two of said notes only. In other words, the operation of the instrument was defeated *pro tanto* by the parol agreement and less than one-half the interest which it purported to pass did in fact pass by the instrument. This principle once established no written contract can be made that may not be defeated by parol testimony. *Kirkland* v. *Menasha Wooden Ware Co.,* 68 Wis. 34; *Chapin* v. *Dobson,* 78 N. Y. 81; *High* v. *Peck,* 30 Cal. 280; *Hendrick* v. *Crowley,* 31 Cal. 472; *McCrea* v. *Purmont,* 16 Wend. 473; *Palmer* v. *Roath,* 49 N. W. Rep. 590. An agent for the collection of commercial paper has no implied powers. He cannot release the debt in whole or in part, nor can he compromise it in any manner. *Melvin* v. *Insurance Co.,* 80 Ill. 465; *McHaney* v. *Schenk,* 88 Ill. 357; *Carver* v. *Carver,* 53 Ind. 241; *Powell* v. *Henry,* 27 Ala. 612; *McCormick* v. *Machine Co.,* 72 Ind. 518; *Whittington* v. *Ross,* 8 Ill. App. 239; *Fellows* v. *Northrup,* 39 N. Y. 122; *Graydon* v. *Patterson,* 13 Ia. 258; *Hurley* v. *Watson,* 68 Mich. 531; *Pitkin* v. *Harris,* 69 Mich. 133; *Rodgers* v. *Bass,* 46 Tex. 506; Mechem Agy. § 376. The certificate of acknowledgment was in due form. Section 505 Comp. Laws, then in force, required that full faith and credit be given to such certificate. The following section made it a misdemeanor for a notary to make a certificate of acknowledgment of a party who did not appear before him. The presumption arising from the certificate had not been assailed when the record was offered in evidence. The objection was not broad enough to cover the point now raised. The bare oath of a party in contradiction of the facts certified is not sufficient to overthrow the acknowledgment. *Johnson* v. *VanVelsor,* 43 Mich. 219; *Phillips* v. *Bishop,* 35 Neb. 487; *Barker* v. *Avery,* 36 Neb. 599; *Insurance Co.* v. *Nelson,* 103 U. S. 544; *Russell* v. *Baptist Theological Union,* 73 Ill. 337; *Barrett* v. *Dows,* 104 Mo. 549; *Bailey* v. *Landringham,* 53 Ia. 722; *Smith* v. *Alice,* 52 Wis. 337.

MORGAN, J. This action was brought to foreclose a certain real estate mortgage executed to the National Bank of North Dakota by the defendants, who are husband and wife, on the 18th day of November, 1890, which said mortgage was duly assigned to the plaintiff in August, 1894. It was given to secure four promissory notes executed by the defendant Prior and one William Dew. Dew is not a party to this action. He was jointly interested in the pur-

chase of the sheep for the purchase price of which these notes were given. The notes were originally given for the sum of $1,417.50, with 12 per cent interest. Two of the notes have been fully paid. The sum of $390.51 has been paid on the third note, and the fourth is wholly unpaid. The defendants have interposed an answer and a counterclaim also. Upon such complaint, answer, counterclaim, and reply the issues to be tried may be summarized as follows: In their answer the defendants allege that the sum of $161 has been paid, for which they have received no credit. They also allege in their answer that the mortgage in suit should be satisfied for the reason that, when the same was given, the agent of the National Bank of North Dakota, who sold the sheep to them, orally agreed that whenever the first two notes were paid the mortgage then given on the defendants' homestead would be released by said bank, and surrendered to defendants; that said bank, in January, 1893, agreed in writing with said defendants that, whenever they would pay $200 on the notes in suit, said bank would release and surrender said mortgage, which it has failed to do, although such payment has been made. In the counterclaim the defendants further allege that the plaintiff wrongfully converted to its own use 200 sheep, 1 cow, and 800 pounds of wool belonging to the defendants; that such conversion of said property was in consequence of an attempted foreclosure of a chattel mortgage on said property, which foreclosure was illegal and void. The District Court rendered a judgment in favor of the plaintiff for the sum of $436.12. From this judgment defendants have appealed, demanding a retrial of the entire case in this court. The District Court found the foreclosure of the chattel mortgage invalid, and allowed the defendants $380 as damages on such counterclaim. The plaintiff does not attack the finding declaring such foreclosure invalid in this court. Such finding will, therefore, be considered by us as having been made in accordance with the evidence.

We will first consider the claim made that, when these notes were given, the agent of the National Bank of North Dakota agreed with the defendant Prior that, when the first two notes were paid, the mortgage in suit would be satisfied, and delivered up to the defendants; that is, that the bank would rely on the chattel mortgage as security for the last two notes when the first two were paid. It may be admitted that the agent of the bank, who conducted the negotiations as to the sale of the sheep and the taking of the securities, made such an agreement; and for the purposes of this question it may also be admitted that he had express authority to make such agreement. It is not claimed that such agreement was in writing, nor is it claimed that the notes are other than absolute, unconditional promises to pay the amounts therein mentioned at fixed times, and the mortgage unqualifiedly recites that it was given to secure the four notes therein described. The question, therefore, arises whether such an agreement, made just before or at the time

the notes and mortgage were executed, can be enforced in favor of the defendants without violating the well established principle that all prior or contemporaneous oral stipulations are merged in the written instruments thereafter signed, and that testimony concerning such oral stipulation is inadmissible as tending to contradict or vary the express terms of such written instruments. That oral stipulations cannot be successfully relied on as defenses against the express terms of the writings is not denied by appellants' counsel as a general proposition of law, but he claims the principle does not apply, so far as proof of the consideration is concerned, and claims this oral stipulation should be enforced, as it was an additional consideration for the giving of the real estate mortgage, and the one that alone induced defendants to execute such mortgage. That a different or additional consideration to the one expressed in the instrument may be sometimes shown, is fully sustained by the authorities. *Hendrick* v. *Crowley*, 31 Cal. 472. Such authorities, however, hold that the principle that a different or additional consideration may be sometimes shown is sustainable as an exception to the general rule that written contracts cannot be varied or contradicted by oral agreements made at or before the execution of the written contracts, and deny the application of such exception in all cases where such oral proof of such additional consideration is inconsistent with the terms of the written instrument, or tends to defeat its operation in whole or in part. *Kickland* v. *Wooden Ware Co.*, (Wis.) 31 N. W. 471; *Chapin* v. *Dobson*, 78 N. Y. 74, 34 Am. Rep. 512. Whether the oral agreement proposed to be shown in this case pertained to the consideration of the contract, as testified by the defendants, or pertained to the contract generally, is immaterial in the view we have taken of the matter. In either event, we should hold that proof of the oral agreement could not be received, because the oral contract would annul the mortgage absolutely so far as two notes are concerned. As soon as the first two notes would be paid, the mortgage ceased as security for the last notes. The mortgage provided otherwise. The proposed oral agreement was inconsistent with the terms of the mortgage. It varied and contradicted its terms. It defeated its operation so far as two notes are concerned. It in no way was a collateral undertaking to the mortgage, but concerned the very essence of the security, and embodied a new contract directly antagonistic to the provisions of the notes and mortgage. It proposed to limit the operation of the mortgage so that it would be security for two notes only, when in terms it is security for four. We cannot give effect to the proposed agreement, and hold that evidence concerning it was inadmissible for the reasons given. None of the numerous cases cited by appellants are based on a similar state of facts. They are adjudications holding that a different or additional consideration may be proven when the operation of the written instrument would not be defeated, or they are cases holding that the modification of the written contract pertained to a collateral under-

taking not inconsistent with the terms of the written instruments. *Bank* v. *Lang, 2* N. D. 66, 49 N. W. 414, and cases there cited.

During the trial of the action the giving of the mortgage sued on was established by proof of the record of it in the office of the register of deeds. Upon the receipt of such record in evidence, defendant's attorney moved to strike out such record for the reason that the mortgage had not been acknowledged by the wife before a notary public or other officer. The attorney claims that, the land mortgaged being defendant's homestead, and the mortgage not having been acknowledged, it was wrongfully recorded, rendering such record of the mortgage inadmissible for any purpose. Upon the face of the mortgage its execution purported to have been acknowledged by both husband and wife before a notary public, who signed a certificate of acknowledgment regular in form. Neither the wife nor the notary were witnesses in the case. The mortgage was given in 1890, when § § 2451 and 3269, Comp. Laws, were in force. These sections did not require an acknowledgment of a conveyance of a homestead by the husband and wife to be acknowledged, except for the purpose of having the same recorded. The signing of the same joint instrument by the husband and wife was sufficient to convey title simply. In this case no proof was required to show that the wife had signed the mortgage, as her signature to the mortgage was expressly admitted in the answer. Her husband also testified that she signed it. It is, therefore, not necessary to decide whether the record of the mortgage in this case was properly received in evidence; nor is it necessary to decide whether the husband's testimony that his wife did not acknowledge the mortgage overcame the probative force of the certificate of acknowledgment.

In January, 1894, the agent of the National Bank of North Dakota entered into an agreement in writing with the defendant Prior that such bank would release and surrender to said Prior the mortgage on the homestead whenever he would pay the sum of $200 to said bank. He now claims that the plaintiff cannot recover on such notes, for the reason that he (defendant) has paid such $200 pursuant to such agreement. The proof of such payment is of the most unsatisfactory character, and renders the fact of such payment very doubtful. Conceding that there has been a payment of said sum, and conceding that there was a consideration for such agreement sufficient to support it, still the agreement cannot be enforced in this case. The agent who made such agreement gave testimony on the trial in the form of a deposition. In such deposition he testifies that he was, in 1892, the general agent of the National Bank of North Dakota, and had charge of its collections. His authority as such agent was not further defined, and whether he was such agent in 1893 does not appear. His authority to compromise or settle claims is not conferred by virtue of an authority to collect, and none can be implied in this case. It has been decided in this state that, "in the absence of circumstances showing a contrary pur-

pose on the part of the owner, the agent or subagent has authority to receive only cash in the making of the collection." *Bank* v. *Johnson*, 6 N. D. 180, 69 N. W. 49. The cases cited by the appellant to sustain a contrary doctrine are not parallel with this case. In the cases cited by him the agents either had express authority to compromise claims, or the proceeds of the settlement made by the agent were paid to the principal, who retained them with full knowledge of the facts under which such proceeds were paid by the debtor to the agent. See, also, Mechem, Ag. § 376, and cases there cited.

The trial court found that the payment of the sum of $161 had not been made by the defendants, as claimed in the answer. This finding is challenged by the defendants as not supported by the evidence. This contention of the defendants must be sustained. The facts in regard to this item are practically undisputed, and are as follows: The defendant and one Dew purchased 300 sheep of the National Bank of North Dakota on November 18, 1890, and gave these four notes, secured by chattel mortgage, to the bank for the same sum for which the real estate mortgage involved in this suit was given. These notes were then held by the Cavalier County Bank for collection. This bank also had a note and mortgage against these same parties in its own favor. These mortgages each covered the wool that had been sheared from sheep upon which these mortgages were liens. The wool that was covered by the mortgage owned by the Cavalier County Bank and the wool that was covered by the mortgage belonging to the National Bank of North Dakota was shipped together, but in such a way that the proceeds were kept separate so far as amounts were concerned. This wool was shipped, and by direction of the owners the proceeds were sent direct to that bank. Before the proceeds were received by the bank, the defendants expressly directed that $261 of the money received from this wool should be indorsed on the notes in suit, and the balance on the notes owned by the Cavalier County Bank. The bank was so directed, also, after the receipt by the bank of the draft. This fact is amply shown. The cashier does not deny such direction nor admit it, but says that he has no independent recollection of such direction. There was much controversy over this indorsement, but the cashier refused to indorse the $261 on these notes in suit, and only indorsed $100 of such proceeds on these notes. The evidence overwhelmingly shows that the defendants had the right to have the indorsement made as directed by them, and such indorsement should have been made. The cow that was covered by the chattel mortgage described in the counterclaim was sold at private sale without defendants' consent. The defendants are therefore entitled to be allowed a credit for the value of the cow, shown by undisputed evidence to have been $35. The appellants claim that the trial court found the value of the sheep to have been less than the evidence actually showed that they were worth at that time in the market. The court found their value to have been $1.60 per head. We have carefully examined all

the evidence bearing on this point. On neither side is the evidence of the value of the sheep at that time of very satisfactory character. In view of the fact that the evidence is of such character, we conclude not to disturb the finding of the trial court in this respect. The circumstances were such that he had better opportunities for determining this matter than we have, in view of the condition of the record. The finding that they were of the market value of $1.60 is sustained, in view of the evidence, and in view of the conditions existing when they were sold.

We are asked to modify the conclusion of the trial court allowing the cost of procuring a transcript of the evidence for the use of court and counsel in the court below to be taxed as a proper disbursement. The evidence is silent as to the conditions under which this allowance was made. We therefore presume that such allowance was proper and legal. The trial court is therefore ordered to modify its judgment by allowing a credit on the notes in suit of the sum of $35 on September 22, 1894, and a further credit of $161 on July 31, 1892, amounting, with interest computed, to a total credit on the judgment rendered of $368.65. The appellants will recover their costs and disbursements in this court. Modified and affirmed. All concur.