## Abel Kendall & *al. versus* William Moore & *al.*

In a lease of real estate for a stipulated time, a covenant, that the lessee shall pay the rent and peaceably give up the possession at the end of the term, " and for such further time as the lessees may hold the same," is a security both for the surrender of the estate and for rent *during the occupation.* In such a case the holding over beyond the term, is a tenancy at will.

Lessees for a time fixed, who hold over, are not liable for rent longer than for the time of their occupation.

Assumpsit, to recover rent. These facts were admitted by the parties.

The plaintiffs made a lease of a tenement in Oldtown to the defendants, on the 8th of June, 1843, for the term of one year, for thirty-five dollars to be paid in quarterly advance payments, and for such further time as the lessees may hold the same.

The defendant, Moore, went into immediate occupation under said lease, and remained in possession until sometime in December, 1844, when he moved out. The house remained vacant till May, 1845, when the plaintiffs leased it to another. The other defendant never occupied the premises personally or with his family. He removed from Oldtown about the 1st of January, 1844.

H. Morgan was authorized to receive rents on the property in 1843–4, and to look after the buildings.

The first year's rent was paid and also the rent for the first quarter of the second year and no more.

About the time the second quarter's rent of the second year fell due, Morgan requested Moore to pay the rent or leave, but he did not request him to leave at the time he did.

*Washburn,* for plaintiffs.

The lease was made June 8, 1843, the rent to be paid quarter yearly in advance.

Moore, one of the lessees, entered immediately, and remained in occupation till December, 1844. He then left, and the house was vacant till May, 1845. His occupation was that of both the defendants.

The first question is, how much is due from one or both of the lessees? It is not denied, that Moore is liable. The rent was paid to Sept. 8, 1844.

The defendants holding over, were liable for another year, unless the plaintiffs should resume the possession and occupation before the expiration of the second year. *Mosier* v. *Reding,* 3 Fairf. 478.

The plaintiffs entered and took possession in May, 1845. Till this time the defendants were liable. The defendants claim that they are only liable from September to December, 1844, but this cannot be.

The only remaining question is as to the liability of the defendant, Hasty. The lease was to both jointly *and is signed by both as principals.* Hasty was as much liable as if he had occupied in person. He stood in the same relation to the plaintiffs as did Moore, and had the same right to occupy as Moore.

The covenants were the covenants of both, and of both as principals. The covenants are for performance by both, one as much as the other. Moore is to do nothing that Hasty is not to do. Both agreed to perform not only for the year, but " for such further time as the lessees may hold the same."

Both agreed to " deliver up the premises to the lessors," &c., and both failed to do so.

The lease was made as it was, purposely and understandingly.

The defendants then are jointly liable for the amount due. *Mosier* v. *Reding*, before cited; *Brewer* v. *Knapp*, & al. 1 Pick. 332.

In the latter case the lease was to A, as principal, and B & C, *as sureties*, and to them jointly and severally.

The case turned on the fact that B & C were sureties, and so understood to be.

*J. Hilliard*, for defendants.

The defendant, Hasty, is not liable; he was bound for one year only. The phrase " for such further time," &c. refers to taxes, not to rent; the provision for paying taxes being erased, the above phrase goes out with it; as it now stands, it has no meaning, no antecedent. *Brewer* v. *Knapp*, 1 Pick. 332.

No action can lie on the lease, for rent accruing after the year. Subsequent rent must be claimed by virtue of a new and implied contract only, created by actual occupancy alone, in absence of a new express contract. *Salisbury* v. *Hale*, 14 Pick. 423; Minot's Digest, page 433, letter d, § 3.

Hasty never occupied; he had left the country long before; no promise can be implied against him; he may well say *"non in haec foedera veni."* If this view is correct, it is immaterial whether Hasty be regarded as a principal or a surety; but in fact, he was surety only.

The case of *Salisbury* v. *Hale*, above cited, will probably be relied on by plaintiff; that case differs essentially from the case at bar. There, in the lease, the word " rent," was inserted immediately before the words " taxes and duties." And the Court say, " this shows, we think, that the promise to pay, for such further time, extended to both rent and taxes. The reasonings of the Court support defendant's position.

If Hasty is not holden, neither can Moore be held. *Bull* v. *Strong* & al. 8 Metc. 11.

Should Moore be held alone, he can be held only for what remains due for the time he actually occupied; he left some-time in December, 1844. But the house remained vacant till May, 1845, and it will be attempted to hold him for rent up to that time ; this cannot be done.

Whatever the law may have been formerly, it is now well settled, that a holding over after termination of a lease, even under seal, is a tenancy at will only. The payment of rent during the time of holding over is to be governed by the terms of written lease, in other respects, tenancy at will. *Wheeler* v. *Cowan*, 25 Maine, 286.

Tenancies at will, when rent is in arrear, may be deter-mined by thirty days notice in writing. Rev. Stat. chap. 95, §19.

The case finds that when rent of second quarter of second year fell due, the plaintiff's agent notified Moore to pay or quit. He did not pay, as it is now claimed in this suit, but quit soon after, at the end of the quarter. The tenancy was therefore determined by both parties. *Wood* v. *Partrige*, 11 Mass. 493.

WELLS, J. — It is not necessary to decide the question, whether where a lease is made to two, and but one occupies the premises and holds over after the expiration of the lease, the other can be holden for the rent accruing after its termina-tion. For the terms of the lease, in this case, imply a contin-uing liability after the expiration of the year, for such further time as the lessees may hold the premises.

The lease contains the following provisions, "And the lessees do covenant to pay the rent in quarterly advance pay-ments, and to quit and deliver up the premises to the lessors or their attorney, peaceably and quietly, at the end of the term aforesaid, in as good order and condition, reasonable use and wearing thereof or inevitable accident excepted, as the same are or may be put into, by the lessors, *and for such further time as the lessees may hold the same*," &c.

In the printed form, which was used, the part relating to

the taxes, which immediately preceded the last clause above mentioned, was erased.

The contract must be taken as the parties have made it, and they must be bound by that interpretation of which it is fairly susceptible. After having modified it, they are not at liberty to say, that it does not mean what the language implies.

The phrase "and for such further time as the lessees may hold the same," embraces the obligation to deliver up the premises in such state as the lease required, at some period after the year, if they held them beyond that time. And there would seem to be a like reason for extending the obligation to the payment of rent, in order to furnish security for it by an express covenant, as to a delivery of the premises. But it is not by its terms restricted to either, and must therefore include both the payment of rent and delivery of the premises.

It is contended, that by holding over and the payment of the rent for the first quarter of the second year, there was a tacit renewal of the contract, so that the defendants would be liable for the rent, after they vacated the premises, for the second year, or until the plaintiffs finding them vacant took possession.

A holding over by the consent of the parties was a renovation of the contract, by the rules of the common law. *Right v. Darby,* 1 T. R. 160. But by our statutes a tenant holding over by consent, after the expiration of the term, is considered as a tenant at will only, and is entitled to notice to quit. Chap. 91, § 30; chap. 95, § 19; chap. 128, § 5; *Wheeler v. Cowan,* 25 Maine, 283.

There was no time stated in the lease, beyond the year, in which the defendants were to hold the premises, but they were at liberty by it to leave them at any time after the year had expired, and could not therefore be liable for rent after their occupation had ceased. Moore occupied the premises until December, 1844, when he left them, the other defendant never having entered upon them. For the time Moore had

possession the rent was paid except that due for the last quarter, which the plaintiffs are entitled to recover, with interest from the time when it was payable.