COLLAMER *v.* FARRINGTON.

*(Supreme Court, General Term, Third Department. July 11, 1891.)*

EVIDENCE—PAROL TO VARY WRITING.

In an action against the surety of a lessee for rent due under a written lease, which provided for the payment of a certain sum of money as rent, defendant cannot show as a set-off that plaintiff by a contemporaneous parol agreement promised to accept on account of the rent the fixtures placed on the premises by the lessee, as such parol agreement is not collateral, but is merged in the writing. MAYHAM, J., dissenting.

Appeal from judgment on report of referee.

Action by Warren B. Collamer against Albert H. Farrington on a contract of suretyship for the performance by a lessee of the conditions of a lease. There was a judgment for plaintiff, and defendant appeals.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*L. Varney,* (*William H. McCall,* of counsel,) for appellant. *Will W. Smith,* for respondent.

LEARNED, P. J. This is an action by the landlord against the surety on a lease. The defense is that the lessee, one Jacob H. Farrington, had been the tenant of the landlord for two years previous; that during those previous years the lessee had put certain fixtures in the premises; that, when he was about to take the lease in question, the plaintiff, as consideration therefor, promised that he would take said fixtures, and pay for the same by allowing the value on the last payments which should come due on the lease. In the trial before a referee evidence was given by defendant of conversations tending to support this defense. Such evidence was objected to as varying the conditions of a written instrument. The evidence was taken subject to this objection, and was finally excluded by the referee. The question on this appeal is on the correctness of the referee's ruling in this respect. It is claimed by the defendant that this ruling was incorrect on two grounds: *First,* that the general rule does not apply when only one side of the contract is in writ-

ing, and the oral evidence tends to affect the other side; and, *second*, that such general rule does not apply to collateral agreements.

The first of those grounds assumes that the landlord's part of the contract of lease was not in writing. The written instrument produced by plaintiff was that which is known as the tenant's part in a so-called landlord and tenant agreement. This is a familiar agreement, one part of which is usually signed by the landlord, another by the tenant; each containing the agreements of the respective parties. It was not necessary for the defendant, if not called upon, to produce the part of the agreement signed by the landlord, and no copy is in the case. But the objection to this evidence assumed that the landlord's part of the agreement was in writing. The referee's report seems to so state the fact. He says a written lease was executed by both parties. Certain findings of fact requested by the plaintiff imply this. It does not distinctly appear what was the response of the referee to these requests, but the defendant excepted to the referee's finding of the second and third of these requests, from which we may infer that they were found. Now, as it is not probable that the lessee would execute this part of the contract of lease without receiving the landlord's part executed by him, and as the form of this kind of lease is well known, we think that we must understand from the referee's report and from these other papers in the case that there was such a landlord's agreement, although it has not been printed in the case. If there had been no writing signed by the landlord, the objection to oral evidence could hardly have been made; for there could have been no agreement in writing on the landlord's part which the oral evidence could have tended to vary or contradict. In this view of the case, the first ground of defendant's appeal fails. The second ground is that the alleged oral agreement was collateral, and therefore admissible. Now, it is to be noticed that the defendant cannot claim that these fixtures were a payment on the rent. The landlord refused to accept them, and caused them, or at least part of them, to be removed. Jacob H. Farrington testifies that all his fixtures were torn out, and were in the middle of the floor; so that, assuming that the plaintiff made the agreement claimed by the defendant, he refused to perform it. While, then, he may be liable on his refusal for damages caused thereby to the lessee, he cannot be correctly said to have received payment of the rent. Of course, if he had received payment, either in money or in anything else accepted as payment, this would have been a credit on the amount payable on the lease; but if he only made an agreement that he would accept certain things in payment, which agreement he afterwards refused to perform, this can give the lessee only a counter-claim. The lessee is not bound to assert his damages in an action on the lease. The lessee still has his property, and can recover only damages for the breach of the agreement to purchase. Or, if the lessor unlawfully retains any of this property, and refused to pay the lessor therefor, then the lessor may be liable to the lessee. Hence the surety cannot assert this defense. The plaintiff has not been paid. The surety cannot set up this counter-claim, which belongs to the lessee. *Gillespie* v. *Torrance*, 25 N. Y. 306. Whether, on a proper allegation in the answer of the lessee's insolvency, an equitable set-off of this claim might be allowed, we need not say. But to such a claim to set off in equity this claim of the lessee, the lessee himself would be a necessary party, because the claim belongs to him, and he cannot be deprived of it without his consent, or without his being heard. The judgment, therefore, is right, and is affirmed, with costs.

LANDON, J. I concur. The tenant in writing agreed to pay a fixed sum in money for rent. Defendant is his surety. Defendant now claims a contemporaneous oral agreement to pay part in fixtures. That would substitute fixtures for money, and thus vary the writing. Such oral agreement is not a collateral one, and is therefore merged in the written one.

MAYHAM, J., (*dissenting*.)  The defendant seeks to establish the defense of payment by showing a parol agreement between the plaintiff and tenant under which the plaintiff was to take certain improvements and fixtures made by the tenant upon the demised premises, the value of which were to apply on the last installment of rent to fall due under the lease.  This evidence was objected to by the plaintiff on the ground that the contract reduced to writing was the best evidence, and that all conversations prior to and at the time of making the lease were merged in the writing, and could not be used as a defense by the surety.  The ruling was reserved by the referee, and the evidence received subject to plaintiff's motion to strike out.  The evidence tended to establish the agreement that the improvements and fixtures put upon the demised premises by the tenant during his term should be taken by the plaintiff, and their value applied upon the last installment of rent, and that their value was $116.02.  The case discloses that.  At the conclusion of the evidence the plaintiff moved to strike out all of the evidence to the alleged agreement on the part of the plaintiff to buy any property of J. W. Farrington, or take any of the property or fixtures he had put in the premises, if he would take a lease of the building for another year, and to strike out all testimony of the value of the property.  The referee granted the motion, and struck out all such evidence, and the defendant excepted to his ruling.  The defendant insists that this was error for which the judgment should be reversed.  It is quite clear that, if the fixtures and improvements made by the tenant would have been a good defense or payment as to him, they would inure to the benefit of the surety when he is asked to pay the principal debt.  *Baere* v. *Armstrong*, 26 Hun, 19.  The surety upon a lease for the payment of rent can make any defense to the action against him for rent that the tenant could make.  *Sheary* v. *Adams*, 18 Hun, 181.  This is not in the nature of a right of action arising solely in favor of the tenant, of which the surety, when sued alone, could not avail himself.  *Springer* v. *Dwyer*, 50 N. Y. 22; *Lasher* v. *Williamson*, 55 N. Y. 619.  If the value of the fixtures and improvements are available to the tenant for any purpose, they are payments upon the last installments of rent, and reduce or extinguish alike the liability of the lessee and surety.  Was the parol evidence of the parol agreement competent in this case?  The rule is too well settled to require the citation of authorities that, where the written contract is or purports to be complete upon its face, containing the stipulations of both parties, it cannot be altered, modified, or varied by any prior or contemporaneous parol agreement between the parties, and that all such parol agreements are deemed to be merged in the writing.  But this rule does not apply to writings which purport to express only the agreement of one of the parties, or one side of the agreement, (*Engelhorn* v. *Reitlinger*, 122 N. Y. 80–82, 25 N. E. Rep. 297, and cases there cited;) nor does it apply to a collateral undertaking, not necessarily a part of the contract.  Applying the rules stated in the exceptions to the case under consideration, the evidence offered and excluded would seem to be competent.  *Johnson* v. *Oppenheim*, 55 N. Y. 280; *Wilson* v. *Deen*, 74 N. Y. 531; *Eighmie* v. *Taylor*, 98 N. Y. 288; *Snowden* v. *Guion*, 101 N. Y 458, 5 N. E. Rep. 322; *Schmittler* v. *Simon*, 114 N. Y. 176, 21 N. E. Rep. 162.  In the case at bar the certificate of hiring is only made by the tenant, and contains none of the obligations or liabilities assumed by the plaintiff.  We must look outside of it for any obligation on the part of the plaintiff for quiet enjoyment, or even any possession at all of the premises.  It does not purport on its face to express the contract of the lessor.  As his part of the contract is not, therefore, in writing, can it be doubted, under the authorities, that they may be proved by parol?  The certificate shows that the lessee agreed to pay rent.  In the absence of any writing as to what the agreement of the lessor was, may not the defendant prove that he agreed to accept improvements and fixtures at their fair value for the amount of that rent?  We think he may

Again, as the plaintiff's agreement was not reduced to writing, it seems that within these exceptions it would be competent to prove that as an inducement to the lessee to enter into the new lease the lessor might agree by parol to allow the last installment of rent to be paid in the new improvements on the place. That would be an agreement collateral to the lease, and it would seem competent within the authority of the cases. *Batterman* v. *Pierce*, 3 Hill, 172. Nor does the parol agreement sought to be proved, but excluded by the referee, change the written certificate. It does not relieve the lessee from the payment of rent, or reduce the amount of the same, or change the time of payment. The law would apply the fixtures on the rent at the commencement of the last month, and vest the title to them in the lessor at that time. It is collateral to the certificate, but not in conflict with its provisions. *Arms* v. *Arms*, 13 N. Y. St. Rep. 196; *Adams* v. *Van Brunt*, 11 N. Y. St. Rep. 659. If we are right in our conclusion as to the evidence of this parol agreement to accept the fixtures in payment of a portion of the rent, then the exclusion of this evidence was error prejudicial to the rights of the defendant, as it would be inequitable and unjust to compel the surety to pay this rent, or the part thereof which would be satisfied by the application of the value of the improvements to the payment of the same. *Juilliard* v. *Chaffee*, 92 N. Y. 529. This case is clearly distinguishable from *Costello* v. *Eddy*, 12 N. Y. Supp. 236. In that case the contract was signed by both parties, and was complete in itself, and the parol evidence offered clearly void in its effect; and the court held that it was properly excluded. In this case, for the reasons above stated, we think it was error to exclude the evidence offered, and to strike out the same on the motion of the plaintiff, and, as that ruling prejudiced the legal rights of the defendant, the judgment must for that reason be reversed. This makes it unnecessary to consider the other questions raised by the appellant on this appeal. I think the judgment should be reversed, referee discharged, and a new trial ordered, costs to abide the event.