THE MERCHANTS STATE BANK OF FARGO *v.* HARRY D. RUETTELL.

Opinion filed December 14, 1903.

**Parol Evidence to Vary Terms of Written Lease.**

1. Parol evidence is not admissible to show that the terms of a lease of land, providing for the payment of a specific sum as annual rent, were changed so as to provide for payment of a less sum, as such parol testimony would defeat the operation of the written lease in part.

**Executed Contract.**

2. A parol agreement for the leasing of real estate for a longer period than one year does not become an executed contract, and therefore valid, when no possession is taken under such agreement, and the rental for one year is assumed to be paid by indorsing the amount of the annual rent upon a past-due note.

**Without Possession Given and Partial Performance, Oral Will Not Supersede Written Lease.**

3. One Browning, the owner of the land, leased it to the defendant for one year from April, 1899, for $200 as rent, with the privilege of extending the lease for another year if Browning was in possession of the land. Defendant did not expressly avail himself of the privilege of extension for another year under the lease. In October, 1899, the defendant and Browning made an oral and new lease of the land. Possession was not given defendant under the oral lease. An indorsement of $160 was made by defendant on Browning's note for the possession for 1900. The oral lease was to continue until Browning's note of $340 and interest was fully paid—more than two years. In January, 1900, Browning assigned the written lease of April, 1899, to plaintiff, and, by a writing, gave it the right of possession. Plaintiff notified defendant of its right to the possession of the land. Defendant answered that his lease was still in force, and refused possession, and cropped the land for 1900. *Held,* that plaintiff was entitled to the rent as specified in the written lease.

**Election.**

4. Under such facts the plaintiff had the right to treat the defendant as a trespasser or as a tenant, and, having treated him as a tenant, could recover the rent specified in the written lease.

Appeal from District Court, Cass county; *Pollock, J.*

Action by the Merchants' State Bank of Fargo against Harry D. Ruettell. Judgment for plaintiff, and defendant appeals.
Affirmed.

*S. G. More* and *R. M. Pollock,* for appellant.

Defendant should have been permitted to show the true consideration for the use of the land. The consideration is always open to investigation when such investigation and proof attending it do not tend to change in other respects the contract, or destroy it. Jones on Ev., 475; Greenleaf on Ev., section 304; *Hendrick* v. *Crowley*, 31 Cal. 476; *Halpin* v. *Stone*, 78 Wis. 183, 47 N. W. Rep. 177.

Under the clause in the lease giving defendant option of extending the lease one year from its expiration, he should have been permitted to prove, that prior to the assignment of the lease to plaintiff, he paid the assignor $160 in October, 1899, as rent for the year 1900. Defendant's testimony on this point was rejected, as varying the terms of a written instrument. The proof was not susceptible to this objection. Exercising this option he made a new lease for 1900. The landlord being thus paid his rent, his assignee could have no better right than he had. The transaction constituted an executed oral agreement, completed by payment of the rent in full. The assignment by the landlord to plaintiff was subject to all equities between him and the defendant. Rev. Codes, section 5222.

*Newman, Spalding and Stambaugh,* for respondent.

A written contract cannot be contradicted or altered by parol evidence, and the evidence offered to show a different consideration than that expressed in the lease, was within the rule, and not one of the exceptions. *Diven* v. *Johnston,* 3 L. R. A. 308; *Deering* v. *Russell,* 5 N. D. 319, 65 N. W. Rep. 691; *Hutchinson* v. *Cleary* 3 N. D. 270, 55 N. W. Rep. 729; *National Ger. Amer. Bank* v. *Lang,* 2 N. D. 66, 49 N. W. Rep. 414; *Northwestern Fuel Co.* v. *Bruns,* 1 N D. 137, 45 N. W. Rep. 699.

MORGAN, J. The plaintiff sues to recover $200 as rent for the use and occupation of a farm under a lease from the owner. The complaint sets forth the lease in full, and an assignment of it to the plaintiff. One Browning was the owner of the land, and in April, 1899, leased it in writing to the defendant, Ruettell, for one year, for the sum of $200, to be paid in advance. The lease contained a proviso that defendant had the option to extend the lease for another year from April, 1900. In January, 1900, the owner of the land, Browning, assigned the lease to plaintiff. Upon receiving the assignment, plaintiff notified defendant that it had pos-

session of the Browning land, and that, if defendant desired to lease it for another year, to advise plaintiff of the fact. Plaintiff and defendant had interviews thereafter in reference to the leasing of the land, but failed to come to any agreement, as defendant claimed that he was entitled to the use of the land for 1900 under the special proviso of the lease giving him an option to extend the lease for another year. The answer alleges that the lease set forth in the complaint did not correctly state the agreement of the parties; that the rental of said land was to be $160 per annum, and not $200, as stated in the lease. Defendant further sets forth in his answer that in the fall of 1899 defendant and Browning made a new contract in respect to said land to the effect that defendant was to farm the land for the year 1900, and for the use thereof was to credit the sum of $160 on a note held by defendant against said Browning, and that such credit had been made on said note by defendant pursuant to such agreement, and that defendant had occupied and farmed the land in 1900 under said new agreement, and not under the lease of April 10, 1899. The trial resulted in a directed verdict for the plaintiff for $200 and interest. A motion for a new trial, based on a statement of the case duly settled, was denied, and defendant appeals from the judgment.

The appellant assigns twenty-four errors of law occurring at the trial. Two of them only are argued and these fairly raise everything claimed as error in the additional assignments. These assignments present the following questions: (1) Should the defendant have been permitted to show that the rental for the land in question was $160 per annum, instead of $200, as stipulated in the written lease? (2) Should the defendant have been permitted to show that he occupied the land during the cropping season of 1900 under an oral lease made in October, 1899, under which he was to use the land for 1900? The first question stated is raised by the answer, and apprises the plaintiff that defendant will contend on the trial that the consideration for the use of the land was to be $160, and not $200, as expressly stated in the lease. All of the testimony offered at the trial to show that the rent was other than as stated in the lease was objected to as varying the express terms of a written contract, and sustained on that ground. Defendant contends that such rulings were erroneous, as the evidence offered would vary the terms of a written contract only so far as the consideration for the same is concerned, and that written contracts may be varied

in respect to the consideration by parol proof. A similar question was before this court in *Bank* v. *Prior*, 10 N. D. 146, 86 N. W. 362, involving the admissibility of parol evidence to vary the terms of a mortgage on real estate. In that case it was held that an oral agreement made before or at the time of the execution of the notes and mortgage, to the effect that on payment of two of the four notes secured by the mortgage the mortgage should be released as to the two remaining notes was inadmissible as a defense to the foreclosure of the mortgage as to the two unpaid notes, as such evidence was inconsistent with, and varied the terms of, the mortgage, and defeated its operation in part. In that case the general rule was followed that parol proof is inadmissible to vary the terms of a written contract as to the consideration for the contract if such proof is inconsistent with the terms of the written instrument, or tends to defeat it in whole or in part. The case at bar and that case are alike in principle. The written lease provides for payment of $200 rent, and the oral contract would change its terms so that $160 only are payable. The parol evidence offered is inconsistent with the terms of the written lease, and would destroy and nullify its terms in part. If its terms may be varied to the extent claimed in this case, it could be varied without limit, resulting in showing that a nominal consideration was payable only, or no consideration at all. As bearing on this question, see *Hume Bros.* v. *Taylor*, 63 Ill. 43; *Chapman* v. *McGrew*, 20 Ill. 101; *Loach* v. *Farnum*, 90 Ill. 368; *Collamer* v. *Farrington* (Sup.) 15 N. Y. Supp. 452; *Delamater* v. *Bush*, 63 Barb. (N. Y.) 168. The last case cited was an action for rent, and the court said: "While in deeds and other instruments you may, for certain purposes, prove the consideration to be different from that expressed, it is not admissible to contradict an agreement or covenant to pay a certain sum." In *Williams* v. *Kent* (Md.) 10 Atl. 228, the court said: "It is well settled that, where the lessor and lessee enter into a written agreement for the rent of property for a sum specified, parol evidence will not be received, either for the purpose of increasing or diminishing the sum so agreed upon. The written contract must speak for itself." There was no error in rejecting the testimony offered.

The answer alleges that the defendant is entitled to the possession of the premises during the year 1900 by virtue of a parol contract entered into between himself and Browning in October,

1899, by which Browning leased the premises to him for 1900 at. an agreed rental of $160, which he paid to Browning in October, 1899. At the trial the defendant offered proof of such parol contract. On objection by the plaintiff that such proof contravened the provisions of the statute of frauds, as contained in subdivision. 5 of section 3887, Rev. Codes 1899, the proof was rejected. Said. section and subdivision 5 thereof provide than an agreement for the leasing for a longer period than one year is invalid unless the same,. or some note or memorandum thereof, is in writing, and sub-- scribed by the party to be charged, or by his agent, duly authorized. in writing. During the trial, and after plaintiff had made a motion for a directed verdict in his favor, the defendant qualified his. offer of proof above mentioned as follows: "The defendant now informs the court that the agreement and lease, under which he: claims to have cropped the land for the year 1900, was an. oral agreement, under and by the terms of which the defendant. was to occupy and cultivate the land until such time as the rental. therefor at $160 per annum would pay the debt which was due from said Browning to this defendant, and which amounted to something: like $340, with accrued interest, the same being in the form of a. promissory note; that in pursuance of such oral agreement and arrangement the defendant, Ruettell, then paid, by crediting upon said note the rental for the year 1900, the sum of $160." The defendant now insists that such offer of proof should have been accepted, and that prejudicial error was committed by its rejection. A different conclusion has been reached by us. At the time this. oral agreement was entered into, defendant was in possession of the premises under the written lease, which did not expire until April following. The testimony proposed by the offer refers to possession for the cropping season of 1900. The offer states that defendant's possession when the parol agreement was entered into was under the written lease of 1899. Hence, so far as possession is concerned, nothing was done by the defendant or by Browning in reliance on the oral agreement until after January, at which time the plaintiff became the assignee of Browning's rights under the lease, and was entitled to the possession of the premises after defendant's rights had ceased under his written lease. In January, the defendant was advised that plaintiff claimed the possession. On January 19th, plaintiff wrote the defendant: "We have possession of (description of land) which you rented of Jos. P. Browning

last year. If you desire to lease this land for the coming year, kindly let us hear from you." Defendant answered this letter by saying: "We are surprised to know that you have possession of * * * for the reason that our lease covers one year more. * * * We simply leased this property to secure ourselves with J. P. Browning. Still, if there is anything in it, we would be willing to lease it from you." Plaintiff and defendant failed to arrive at a satisfactory agreement in reference to the use of the premises for 1900, and on February 15, 1900, defendant again wrote the plaintiff that he considered his lease still in force. After this letter nothing transpired between the parties, and defendant cropped the land in 1900. Defendant now claims that he was entitled to the possession and use of the land under the parol contract of October, 1899, concerning which he made an offer of proof. He claims that such parol agreement became fully executed and enforceable by virtue of the indorsement of a year's rental of $160 on Browning's past due note, and by virtue of the fact that he cropped the land and was in possession thereof in 1900.

The offer of proof must be considered in connection with the explanation of it given by defendant's attorney after the motion for a directed verdict had been made by plaintiff. From such explanation it appears that the parol agreement was one that could not possibly have been performed within one year. It contemplated a lease of the land for more than two years. Hence it was invalid under section 3887, Rev. Codes 1899, *supra*, unless carried into effect, and its terms executed by the acts of the parties. The rights of parties acting under a contract invalid on account of not being in writing as provided by section 3887, *supra*, is well stated by McAdam on Land. & Ten. (3d Ed.) vol. 1, p. 66, as follows: "Where a lease is void by reason of the provisions of the statute, that does not render the contract an illegal or unlawful one if the parties choose to perform it. If the lease is verbal, and the term is for a longer time than one year, it is void in the limited sense that neither party can compel the other to perform it. The landlord need not, in such a case, give the tenant possession if he chooses not to do so, and no action will lie by the tenant against the landlord in consequence thereof. Nor need the tenant take possession in such a case. No action will lie against him if he does not. The parties may, however, go on and perform the agreement, although they could not be compelled to do so, and in such case, if the tenant

goes into possession of the demised premises, and occupies them, he will then be bound to perform the agreement by paying the rent for such time as he may remain in possession in the same manner as though the lease had been reduced to writing. And if, by reason of the manner of paying rent, as by the year, a yearly tenancy is implied by the law, the tenant may make himself liable for a year's rent." The authorities generally sustain this text, and hold that the parol contract is not enforceable unless its invalidity is waived by acting upon it and executing it. But, until enforced in such a way, neither party can insist upon performance by legal or equitable proceedings. See *Bard* v. *Elston,* 31 Kan. 274, 1 Pac. 565; *Grant* v. *Ramsey,* 7 Ohio St. 157; *Schuyler* v. *Leggett,* 2 Cow. 660; *Reeder* v. *Sayre,* 70 N. Y. 180, 26 Am. Rep. 567; *Rosenblat* v. *Perkins,* 18 Or. 156, 22 Pac. 598, 6 L. R. A. 257; *Walsh* v. *Colclough,* 56 Fed. 779, 6 C. C. A. 114; *Wetherbee* v. *Potter,* 99 Mass. 354. In this case, as we have seen, possession of the premises was not taken by defendant under the parol arrangement until Browning had repudiated it by transferring the lease, and, so far as he could, turning over the possession of the premises to the plaintiff after the written lease would expire in April, 1900. In January defendant was notified by plaintiff that it would claim the possession of the land for the year 1900. At this time nothing had been done by defendant towards executing the verbal lease, so far as work or acts are concerned. He claims that the parol agreement became an executed one by virtue of the fact that $160 was indorsed by defendant on Browning's note, pursuant to such oral agreement. This indorsement alone is not sufficient to take the transaction out of the terms of section 3887, *supra.* That alone does not make the transaction an executed one. Even had the defendant paid $160 in money, that alone would not be deemed such an execution of the oral contract as would be a waiver of the statute. The money could be recovered on a repudiation of the contract by Browning. McAdam on Land. & Ten., vol. 1 (3d Ed.) section 24, p. 67. In *Rosen* v. *Rose* (Super. N. Y.) 34 N. Y. Supp. 467, the court said: "Though the plaintiff has not received possession, he claims that the want of a writing is made up by part performance in that defendant accepted ten dollars on account. The doctrine of part performance applies only where a contract is so far performed that the parties cannot be restored to their original position except by equitable aid, which is sometimes extended to prevent fraud." See,

also, *Nasanowitz* v. *Hanf* (Sup.) 39 N. Y. Supp. 327; *Dunckel* v. *Dunckel*, 141 N. Y. 427, 36 N. E. 405; Frye on Spec. Perf. section 403; *Brockway* v. *Thomas*, 36 Ark. 518. Under these decisions and like ones, the principle seems to be well established that performance, such as will make a parol lease a valid one, so far as performed, must be such that the party performing cannot be placed in his former position if the invalid lease be not carried into effect. In this case the defendant still holds possession of the note. He parted with nothing in making the indorsement upon the note. By reason of Browning's repudiation of the October oral arrangement, the indorsement may be canceled, and is not a credit or payment on the note, as a matter of law, under the circumstances. Hence, nothing is shown by the evidence or in the offer of proof, which, if true, would constitute the parol agreement of October, 1899, an executed transaction, and therefore not invalid under the statute. It follows, therefore, that the defendant cannot make such parol contract the basis of a defense to the plaintiff's cause of action as set forth in the complaint.

On January 19, 1900, defendant was advised of plaintiff's right to the possession of this land. The plaintiff apprised him that, if he wished to lease the land for 1900, he could do so from it. After that he knew that Browning would not comply with the October contract. He also knew that Browning had parted with possession of the land, and that the conditions under which defendant was entitled to hold the land for 1900 under an option provided for in the lease did not exist. Thereafter defendant could not demand a lease of the land for 1900 from Browning under such option, because defendant had the option only in case Browning was in possession. After January 19, 1900, defendant should have looked to the plaintiff bank for rightful occupation of the land for 1900, as he had no rights thereto by virtue of any contract with Browning. The bank was under no legal obligation to renew the tenancy. It could treat him as a trespasser, or permit him to hold over. It could permit him to remain under the written lease, or, at its pleasure, make any other contract for his occupation of the premises. It permitted him to farm the land without any express contract other than the written lease of which it was the assignee. Defendant held over knowing that he had no new contract with the bank. McAdam on Land. and Ten. vol. 1 (3d Ed.) section 32, lays down the rule as follows: "When the tenant remains in pos-

session after the expiration of the original term by permission of the landlord, the implication is that he continues in possession under the conditions of the former demise. If the holding over is without the landlord's permission, the landlord may, at his election, treat the tenant as a trespasser by ejecting him from the premises, or hold him as tenant for a renewed term upon the conditions of the prior lease, so far as applicable." *Hobbs* v. *Batory,* 86 Md. 68, 37 Atl. 713; *Kendall* v. *Moore,* 30 Me. 331. In *Schuyler* v. *Smith,* 51 N. Y. 309, 10 Am. Rep. 609, the court said: "The safe and just rule I believe to be the one established by authority that the tenant holds over the term at his peril; and the owner of the premises may treat him as a trespasser or as a tenant for another year upon the terms of the prior lease, so far as applicable." See, also, note to *Blumenberg* v. *Myres* (Cal.) 91 Am. Dec. 563, and cases cited. The evidence may justify the conclusion that the defendant elected to hold under the written lease, but whether he did or not is immaterial, as the law gives the option to the lessor to treat a lessee holding over under such circumstances as a trespasser or as a tenant under a former lease. In this case the plaintiff treated him as a tenant.

Judgment affirmed. All concur.