# E. A. WADSWORTH v. C. R. OWENS.

### (130 N. W. 932.)

**Landlord and Tenant — Holding Over — Right of Lessee.**

1. The defendant leased of plaintiff certain real estate for the season of 1905.. At the request of the plaintiff, defendant remained upon the premises during the winter of 1905 and 1906. Without any new agreement the plaintiff furnished seed, and the defendant sowed it and cropped the same premises in 1906..

*Held*, that § 5531, Rev. Codes 1905, providing that "if a lessee of real property remains in possession thereof after the expiration of the hiring, and the lessor: accepts rent from him, the parties are presumed to have renewed the hiring on: the same terms and for the same time, not exceeding one year," applies; and that the defendant's rights in the premises and crops for 1906 were governed by the contract in writing made for the year 1905; and that this rule is not. abrogated by the fact that, after having accepted the seed from the plaintiff and sowed it, the defendant refused to execute a new contract in terms like the old one.

**Landlord and Tenant— Leases — Renewal of Contract — Evidence.**

2. The acceptance of rent, as referred to in § 5531, only operates as evidence that the landlord consents to the renewal or extension of the contract; and where the evidence is adequate to establish the fact of such consent without his having received rent, the receipt or failure to receive rent is not material.

**Landlord and Tenant — Landlord May Treat Hold-Over Tenant as Trespasser or Lessee.**

3. The landlord may elect, when a tenant continues in possession after the expiration of his lease, to treat the tenant as a trespasser, or as holding under the lease of the former year.

**Claim and Delivery — Right of Action — Crops.**

4. The parties to this action agreed that the value of the crop involved was $2,500. The contract under which the defendant held reserved the title to all such crop in the plaintiff, and the defendant agreed therein not to sell or remove any of such crop until a division thereof, without written consent of the plaintiff, and not until all of his covenants and agreements contained in the lease should be fulfilled; and that the plaintiff should have the right to take and hold enough of such crop that would, on a division of the same, belong to the defendant, to repay any and all advances made to him. The evidence shows that the defendant was disposing of the crop without having fulfilled the terms of the contract, and that he asserted title thereto superior and adverse to that of the plaintiff. In a replevin action a verdict was returned to the effect that the defendant's interest in the crop was $700, and against the plaintiff.

*Held,* that a verdict in favor of the plaintiff should have been directed.

Opinion filed February 27, 1911.

Appeal from District Court, Cavalier county; *Kneeshaw,* J.

Action by E. A. Wadsworth against C. R. Owens. Judgment for defendant, and plaintiff appeals.

Reversed, with directions.

*Ball, Watson, Young, & Lawrence* and *W. A. McIntyre,* for appellant.

Tenant holding over after the end of his lease, without a new contract, continues upon the terms of the original lease. 18 Am. & Eng. Enc. Law, p. 405; 24 Cyc. Law & Proc. p. 1011; Bradley v. Slater, 50 Neb. 682, 70 N. W. 258; Jones, Land. & T. § 205; Scott v. Beecher, 91 Mich. 590, 52 N. W. 20; Rev. Codes 1905, § 5531.

Value must be ascertained by a money standard and based on evidence, not conjecture. Barron v. Northern P. R. Co. 16 N. D. 279, 113 N. W. 102; Olson v. Huntamer, 6 S. D. 364, 61 N. W. 479; Fraloff v. New York C. & H. R. R. Co. 10 Blatchf. 16, Fed. Cas. No. 5,025; Watt v. Nevada C. R. Co. 23 Nev. 154, 62 Am. St. Rep. 772, 44 Pac. 423, 46 Pac. 52, 726.

*Fred E. Smith,* for respondent.

If there is no express agreement reserving title to crops in the landlord, the tenant owns all crops raised on leased land. Rev. Codes 1905, § 5517, 24 Cyc. Law & Proc. p. 1067 (b), and cases cited; Brown v. Thurston, 56 Me. 126, 96 Am. Dec. 439; Forsythe v. Price, 8 Watts,

282, 34 Am. Dec. 465; Deaver v. Rice, 20 N. C. 567 (4 Dev. & B. L. 431), 34 Am. Dec. 388; Branch v. Morrison, 50 N. C. (5 Jones, L.) 16, 69 Am. Dec. 770; Emery v. Fugina, 68 Wis. 505, 32 N. W. 236; Daniels v. Brown, 34 N. H. 454, 69 Am. Dec. 505; Haveron v. Anderson, 3 N. D. 540, 58 N. W. 340.

If landlord acts inconsistently with the theory of original tenancy, he cannot treat the tenant as holding over. 24 Cyc. Law & Proc. pp. 1013 (b), 1014 (b), and cases cited.

SPALDING, J. This action was brought to recover possession of certain grain raised on the premises described in the complaint, in Cavalier county, during the season of 1906, or for its value in case a return thereof could not be had. Plaintiff claimed ownership thereof in his complaint, and alleged the value to be $2,500. The plaintiff took possession of the grain, and the answer was a general denial, except that it admitted the value of the grain as alleged in the complaint, and alleged its taking by the plaintiff, and demanded a return thereof or its value. The action was tried, and a verdict was rendered for the defendant, finding the value of his interest therein to be the sum of $700. The plaintiff appeals, and in his brief, discusses errors assigned in failing to direct a verdict in favor of the plaintiff, the exclusion of certain rebuttal testimony offered by plaintiff upon a material issue, and the refusal of the trial court to give certain instructions.

The subject of this controversy was before this court and considered in Wadsworth v. Owens, 17 N. D. 173, 115 N. W. 667. On the former appeal the judgment of the district court in favor of the defendant was reversed, and a new trial ordered, for error in excluding certain rebuttal testimony. Rebuttal testimony of the same character was excluded on this trial. We might rest our decision upon the error in so excluding it, but inasmuch as the case has been tried twice, and twice appealed, we deem it advisable to consider some of the principles involved, for the guidance of the parties and the court.

It appears that the plaintiff was the owner of the lands described, and that he and the defendant entered into written contracts, whereby the defendant agreed to, and did, crop such lands during the season of 1905. He remained on the premises by the consent, and perhaps by the request, of the plaintiff during the winter of 1905 and 1906,

21 N. D.—17.

during which time they had some talk with reference to cropping the land during the season of 1906. The plaintiff at one time expected to sell it, and in that case wished the defendant to crop another tract of his land. He did not make a sale, and some talk was had with reference to the execution of a new contract, but none was executed. Defendant remained on the premises. Plaintiff furnished the seed, or directed defendant to procure it at his expense, which he did, and sowed the same. After the seed was in the ground the defendant refused to sign the new contract, which contained the customary provision, reading as follows: "Defendant agrees not to sell or remove, or suffer to be sold or removed, any of the produce of said farm or premises, or the stock, increase, income, or produce herein mentioned, of any kind, character, or description, until the division thereof, without the written consent of the party of the second part, and until all of the covenants and agreements to be performed by the party of the first part shall have been fulfilled, and such division made. The title and possession of all hay, grain, crops, produce, stock, increase, income, and products raised, grown, or produced on said premises, shall be in the party of the second part; and said party of the second part has the right to take and hold enough of the crops, stock, increase, income, and produce that would on the division of the same belong to said party of the first part, to repay any and all advances made to him by the party of the second part." The contract for 1905 contained like provisions.

It seems to appear by the evidence that an agreement was arrived at as to some trifling changes in the contract, but only relating to matters of no material importance in the consideration of this appeal. During the threshing of the crop raised by the defendant, plaintiff learned that he was disposing of some of it without any division having been made, and interviewed him on the subject, when he was ordered from the premises and otherwise given to understand that he had no right or interest in the crop; whereupon this action was commenced.

Counsel for both parties, and the trial court, treated the contracts as leases, and we shall do the same. However, if it were important to distinguish, they might be held to be cropping contracts.

While the questions involved in this case are quite simple, yet the procedure on the trial was such that it renders them somewhat involved. Plaintiff was, in the main, proceeding on the theory that he owned the

crop until a division, by reason of having made a verbal contract for rental during the season of 1906. The defendant denied having made any such contract, or any contract for that year, and this was in a large measure the issue before the court. The plaintiff did, however, request instructions which warrant us in considering the phase now urged, that there was a renewal in law of the 1905 contracts.

Section 5531, Rev. Codes 1905, reads: "If a lessee of real property remains in possession thereof after the expiration of the hiring, and the lessor accepts rent from him, the parties are presumed to have renewed the hiring on the same terms and for the same time, not exceeding one year." If the verdict in this case is of any weight it establishes the fact that there was no new agreement covering the year 1906. It therefore follows that the plaintiff cropped the premises during that year with no agreement, express or implied, or that the terms of § 5531 apply. Respondent contends that they are not applicable, because the contracts for 1905 expired before the cropping of the season 1906, and his occupancy during the winter of 1905–06 was by reason of plaintiff's request to him to remain there. We are unable to discover, either on reason or authority, that the occupancy of the buildings and premises during the winter of 1905 and 1906 changes the rule. It was continuous occupation, and it matters not whether he remained at the request of the plaintiff, or of his own volition without express permission to do so. The law, in the absence of a new contract and in the event of the tenant continuing his possession and cultivation, presumes the renewal or continuance of the former contract, in the absence of evidence overcoming that presumption. In the case at bar no evidence was introduced to show this, except after the defendant had accepted from the plaintiff the seed for 1906, and had sown it. It was then too late to assert, in the absence of new contracts, that he was not bound by the terms of the 1905 contracts. This question was passed upon in Merchants' State Bank v. Ruettell, 12 N. D. 519, 97 N. W. 853, but it is contended that this case does not come under the provisions of the statute above cited, because the landlord had accepted no rent. Under the circumstances of this case, this is immaterial. The acceptance of rent only operates as evidence that the landlord consents to the renewal or extension of the contract, and where the evidence is adequate to establish the fact without his having received rent, the receipt or failure

to receive rent is not material.  The landlord may elect, when a tenant continues in possession after the expiration of his lease, to treat him as a trespasser or as continuing the lease of the former year.  Den. ex dem. Decker v. Adams, 12 N. J. L. 99; Rowan v. Lytle, 11 Wend. 619; Stoppelkamp v. Mangeot, 42 Cal. 316; Bollenbacker v. Fritts, 98 Ind. 50; 24 Cyc. Law & Proc. p. 1017; Haynes v. Aldrich, 133 N. Y. 287, 28 Am. St. Rep. 636, 31 N. E. 94.  It is clear in this case that the landlord did not elect to treat the tenant as a trespasser, but recognized his tenancy in many ways.

The defendant being bound by the terms of the 1905 contracts, the rights of the parties are the same as in Angell v. Egger, 6 N. D. 391, 71 N. W. 547.  That was an appeal from a judgment for defendant in an action similar in nearly every respect to the present one.  The court said, in the opinion in that case, that "if the contract constitutes a lease, or, in other words, a transfer of an interest in the land for a specific period, it follows that the title to all crops is in the lessee; for a grant carries with it, as an incident, the right to the full enjoyment of the thing granted.  One who buys the right to use real property for a certain term secures all the rights of the owner to make profit out of it by its reasonable use.  If, on the other hand, the agreement does not vest any interest in the land in the one who is to farm it, but he is a mere servant of the owner, the title to all crops is, in the absence of an agreement to the contrary, in the owner.  The other party to the contract, not being invested with any interest in the real property, cannot, without express agreement to that effect, have any interest in the produce thereof.  But whether the contract is a lease, or constitutes a mere hiring of the person who works the land, it is lawful for the parties to agree touching the title to those things which issue from the land."  The agreement regarding title in that case, being retained in the owner of the land, was the same as in the case at bar, and the court held that the plaintiff should have had a verdict, and that it was the trial court's duty to direct a verdict for the plaintiff.  On the former appeal in this case we referred to the  Angell Case with reference to the power of the court to adjust, upon equitable principles, the rights of the parties in a replevin suit.  The size and character of the verdict in the case at bar indicates that the court or the jury attempted to do so herein.  It would seem that they found the value of the interest of the appellant in the

crop in question to be $1800, and then gave the defendant a verdict for his interest in the crop. We are unable to determine how the jury arrived at these figures, in view of the court having excluded evidence to show advancements made by appellant to the respondent. In any event the jury cannot adjust the rights or equities of the parties in an action of this nature, where the plaintiff has an interest in or lien upon the chattels replevied, by returning a net verdict in favor of the defendant, and thereby shift the costs to the party who is in the right. That is what the verdict and judgment in this case does, even if we construe it in the light of the contention of the respondent.

In view of our conclusions, it is manifest that a new trial would be without benefit to either party.

The judgment of the District Court is reversed, and that court is directed to enter judgment adjudging the right of possession to the crop involved to be in the appellant. Of course this does not mean that the respondent has no interest in it, but whatever his interest may be is subject to adjustment and determination in an appropriate action, or by other methods. All concur.